Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 We are of opinion that the court erred in refusing to admit the patent to Newton, confessedly prior in date and invention to that of the plaintiff", which the defendant offered as covering the subject-matter of the plaintiff’s patent.
 

 Whatever may be our personal opinions of the fitness of the jury as a tribunal to determine the diversity or identity in principle of two mechanical instruments, it cannot be questioned that when the-plaintiff, in the exercise of the option which the law gives him, brings his suit in the law in preference to the equity side of the court, that question must be submitted to the jury, if there is so much resemblance as raises the question at all. And though the principles by which the question must be decided may be very largely propositions of law, it still remains, the essential nature of the jury trial that while the court may on this mixed question of law and fact, lay down to the jury the law which should govern them, so as to guide them to truth, and guard them against error, and may, if they disregard instructions, set aside their verdict, the ultimate response to the question must come from the jury.
 

 The court in rejecting the patent of Newton seems to have been mainly governed by the use which was claimed for it, and also that no mention is made of its adaptability as a saw. But if what it actually did, is in its nature the same as sawing, and its structure and action suggested to
 
 *456
 
 the mind of an ordinarily skilful mechanic this double use to which it could be adapted without material change, then such adaptation to the new use, is
 
 not
 
 a new invention, and is not patentable.
 

 The defendant offered to prove that such was the relation of the principle of the Newton patent and plaintiff’s patent by experts, and we are clear that the resemblance was close enough to require the submission of the question of identity to the jury, and the admission of the testimony of experts on that subject.
 

 This subject was fully considered in the case of
 
 Bischoff
 
 v.
 
 Wethered,
 

 *
 

 decided since the present writ of error was issued.
 

 This court has no more right than the court below to decide that the one patent covered the invention of the other, or that it did not; and it is obvious that extended argument here, to prove such general resemblance as would require the submission of both patents to the jury, might prejudice the plaintiff’s case on the new trial which must be granted. We therefore forbear to discuss the matter further; for the same reason we refrain from comment on the instruction. It is to be understood that in declining to pass upon the other alleged errors of the record, this court neither affirms or overrules the action of the court on those points, and the case is reversed for this fundamental error, which includes several others resting on that.
 

 Judgment reversed and a new trial ordered.
 

 *
 

 9 Wallace, 815.