## MacDOUGALD CONST. CO. v. FINLEY.*
### No. 5505.

Circuit Court of Appeals, Fifth Circuit.
March 5, 1930.

*Rehearing denied April 25, 1930.

John M. Slaton and John A. Sibley, both of Atlanta, Ga., and Ellis Spear, Jr., of Boston, Mass. (John M. Slaton and John A. Sibley, both of Atlanta, Ga., Ellis Spear, Jr., of Boston, Mass., Eiffel B. Gale, of Yonkers, N. Y., and Slaton & Hopkins and Spalding, MacDougald & Sibley, all of Atlanta, Ga., on the brief), for appellant.

Clifford L. Anderson, of Atlanta, Ga., and Charles J. O'Neill, of Washington, D. C. (Charles J. O'Neill, of Washington, D. C., Clifford L. Anderson and Granger Hansell, both of Atlanta, Ga., Ritter, Mechlin & O'Neill, of Washington, D. C., and Anderson, Rountree, Crenshaw & Hansell, of Atlanta, Ga., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and HOLMES, District Judge.

HOLMES, District Judge.

This is an appeal by the defendant below, MacDougald Construction Company, from a final decree upholding the validity of letters patent No. 1,341,458, relating to road construction.

It is claimed that the patent in question involves a new and useful method or process of building asphalt penetration roads in such manner as to avoid rutting, in brief, that the process embraces several steps: (1) Covering the entire roadway with stone, gravel, or other suitable material; (2) bringing this material to the proper surface contour; (3) coating one longitudinal strip with asphalt by a lateral application from a spraying machine with a side arm; (4) restoring the surface of the roadway not sprayed over which the wheels of the machine have just passed, causing ruts; and (5) applying the binding medium to the surface thus restored by operating the machine over the section previously treated.

The validity of the patent was assailed because (1) it was lacking in novelty; (2) it was not useful; and (3) had been anticipated.

The method of distribution of the asphalt or other binding material is commonly called the side arm method, from the fact that the distributor bar extends to the side of the machine and sprays wholly outside of the wheels of the vehicle. The sole purpose of the method is to obviate ruts which will be filled by the binding material.

810

It is conceded that the side arm distribution and each of the other elements of the patented process are old, but it is claimed that a new and useful combination of these old steps or operations constitutes the invention, and entitles the patent to validity. But the evidence shows that the method merely involves a more frequent and desirable use of an old side arm or distributing machine which previously had been used infrequently in road construction. The claims of the patent would monopolize and habitually use in road-making operations a process which theretofore had been found efficient and desirable only upon occasions involving peculiar circumstances.

The method is undoubtedly useful, but it is not new, and, if it were new, it is composed of elements which are admittedly old, and the combination is so simple and obvious as to be entirely lacking in patentable invention.

The avoidance of ruts in the road section being treated with asphalt, which is the novel and useful feature attributed to the patent, is the natural and necessary result of the use and operation of the side arm distributing machine, and does not impart patentable novelty to the method. In fact, a patent for a process is anticipated by a machine capable of performing the process and used successfully to that end.

"It is no new invention to use an old machine for a new purpose. The inventor of a machine is entitled to the benefit of all the uses to which it can be put, no matter whether he had conceived the idea of the use or not." Roberts v. Ryer, 91 U. S. 150, 157, 23 L. Ed. 267.

The decree of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.