**HEATH v. FRANKEL et al.**

**No. 11017.**

Circuit Court of Appeals, Ninth Circuit.

Jan. 15, 1946.

Rehearing Denied Feb. 26, 1946.

Writ of Certiorari Denied May 13, 1946.

See 66 S.Ct. 1025.

McLaughlin & McGinley, James A. McLaughlin, John P. McGinley, and Collins Mason, all of Los Angeles, Cal., for appellant.

Lyon & Lyon and Lewis E. Lyon, all of Los Angeles, Cal., for appellees.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.·

The two Heath patents in suit were issued to appellant to cover the use of cellophane and pliofilm as protective sheets for stencils. Before cellophane was used as a protective sheet, mere outlines were all that could be made on duplicating stencils with the stylus by anyone other than an expert without weakening the structure of the stencil. Without cellophane, the stylus picked up the minute fibers and destroyed the stencil structure, so that when the stencil was placed on the duplicating machine, the longitudinal pull on the stencil broke down the stencil fibers further and pulled the stencil apart.

The differentiation between the cellophane patent and the pliofilm patent is that the cellophane is particularly adapted to use where drawings are made with styli on the stencil, while pliofilm improves the cutting of stencils by type impression. The closed letters of the alphabet do not chop through in typing as they did in early stencil cutting or with cellophane.

At the time of filing the appellant's complaint, in the lower court, the appellees were engaged in selling stencils with pliofilm and cellophane cover sheets. The pliofilm cover sheet was adhered to the stencil by means of pressure sensitive adhesive so that the pliofilm might be removed and cellophane substituted therefor.

The appellant claimed infringement of his patents, asked for a permanent injunction enjoining appellees· from selling stencils with filmed cover sheets, and also charged unfair competition and asked damages for infringement and for unfair competition and costs.

Henry G. Frankel, one of the appellees, filed a cross-complaint asking damages on the basis of alleged unfair competition practiced by appellant in an effort to destroy the business of appellees.

Milo T. Harding Company, a cross-defendant, held a license from appellant under the patents described, and filed a counterclaim charging unfair competition.

The lower court found there was no evidence offered at the trial of unfair competition on the part of the appellees. The court further found that the patents failed to disclose invention but that the disclosures were merely the result of mechanical skill in the selection of film material for stencil cover sheets as soon as that material became available upon the market. The court found that the use of the two materials produced no result not apparent to one skilled in the art as the result attained could be reasonably anticipated by the inherent characteristics of the cellophane and pliofilm.

The lower court declared the patents invalid. The court found ·that Exhibits Y and Z were fabricated evidence, and therefore appellees were denied recovery on the

cross-complaint for unfair competition. The complaint, counter-claim and cross-complaint of appellant were dismissed and also the counter-claim filed by the licensee under the patents.

Costs were allowed appellees on the complaint, cross-complaint and counter-claim of appellant and counter-claim of Milo T. Harding Company. Appellant was allowed costs in connection with appellee H. G. Frankel's cross-complaint, and also $500 to cover costs of employing the hand-writing expert with respect to the fabricated exhibits.

■ Appellant on appeal to this court urges that the entire prior use defense be disregarded on the theory that the evidence is tainted by the appellee's fraud. Relying on the Hazel-Atlas Glass Co. v. Hartford-Empire Company case, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, appellant insists that since the appellee is guilty of fraud in presenting one phase of the case, the court should have disregarded all the evidence relating to that one phase of the case. The Hazel-Atlas case is authority for denying relief to appellees because they have come into court with unclean hands. On the other hand, its doctrine cannot be extended so far as to hold patents valid, which by evidence other than the fraudulent and fabricated have no patentable novelty. We believe the lower court followed the doctrine correctly in denying appellees relief.

■ It was old in the art of cutting stencils to use cover sheets. Many types of paper, including different tissues, and other types of paper were used. There was ample evidence that others in the stencil art business made the same substitution of materials for cover sheets when the materials were placed on the market. The publication "Illustrated Mimeographing" described the use of cellophane cover sheets two years prior to appellant's filing for Letters Patent.

The prior use of cellophane here was of importance, however, the court did not rely on that point alone. The lower court rather treated the use of cellophane and pliofilm as being within the realm of open secret to the skilled mechanic. Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644.

■ Mere substitution of one material for another is not patentable unless the substitution can be shown to have produced new and unexpected results or developed a new operation or new combination.[1] Here there is no difference in operation, as the cellophane sheet is used precisely as was the former tissue sheet. In fact, the stencil operates in exactly the same manner with or without the cellophane or pliofilm.

■ If the Heath patents can be sustained anyone who finds a new use for cellophane or pliofilm can also secure a patent. As a result, the inventors of these materials will be limited to those uses set out in their original Letters Patent. This view is antagonistic to the spirit of our patent law which enables inventors to have their product reach as wide a use as possible. Detriot Gasket & Mfg. Co. v. Wolverine Fab. & Mfg. Co., 6 Cir., 148 F.2d 399.

■ Commercial success has also been emphasized on this appeal by the appellant. Commercial success alone is not sufficient to validate a patent. There is no evidence in the record to support a finding that commercial success was attributable to the Heath patents.

The finding of the lower court that there was no invention and no patentable novelty is sustained.

Judgment affirmed.

[1] Kalich v. Paterson Pacific Parchment, 9 Cir., 137 F.2d 649, 651; Evr.-Klean Seat Pad Co. v. Firestone Tire & Rubber Co., 8 Cir., 118 F.2d 600.