**DUBIL et al. v. RAYFORD CAMP & CO. et al.**

**Civ. No. 8649.**

United States District Court
S. D. California, Central Division.

May 23, 1949.

C. G. Stratton, Los Angeles, Cal., for plaintiff.

Warren L. Kern, Los Angeles, Cal., for defendant.

CAVANAH, District Judge.

In the present action the plaintiffs assert that the plaintiff William J. Dubil is the inventor of the Method of Preparing Fresh Meat covered in the patent in suit, and that the plaintiffs Edward J. Hubik and Earl F. Shores are now the owners thereof. That the plaintiff Earl F. Shores, a resident of Los Angeles County, State of California, doing business under the fictitious firm name of "Chip Steak Company" of Los Angeles, California, has the exclusive right to practice the method covered by the patent, throughout the County of Los Angeles, except the cities of Long Beach and Pomoria and certain other alleged territory.

That the defendants are carrying on a business in Los Angeles County under the fictitious name of Rayford Camp & Company, and are now and have been infringing said Letters Patent in said territory by preparing slices of fresh meat in accordance with the patented invention, and will continue to do so unless enjoined by this court. That the plaintiffs have placed the number of the patent in suit on sheets of paper separating slices of fresh meat prepared under the patent when such slices have been publicly offered for sale and have given written notice to the defendants of their infringement.

For a second and further cause of action, the plaintiffs allege, that the plaintiff Hubik originally adopted and used the trade-mark "Chip Steak" and registered same in the office of the Secretary of State of California on September 14, 1936. That continuously since 1938, except for the period during the last war, and from the first part of 1946 to the present time, the plaintiff Shores has sold very thinly sliced, fresh meat, molded in a round shape, with six of such slices laid one upon the other to form a steak, and the method covered by the patent has consisted of waxed paper sheets bearing the trade-mark "Chip Steaks", appearing in a curve adjacent a central picture of a head of a beef animal.

That since February or March, 1948, the defendants have been and are selling very thin slices of fresh meat molded in a round shape with six of such slices laid one upon the other to form a steak, and are using labels simulating the labels of the plaintiff Shores, and containing the words "Camp Steak" arranged in an arch adjacent to the picture of the head of a beef animal, and are using the labels in the advertising of defendants' said steaks, and to deceive the public in believing that they are buying the steaks of the plaintiff Shores.

The defendants answer and place in issue the material allegations of plaintiffs' complaint and assert (a) that the Letters Patent in suit are invalid and have not been infringed by the defendants; (b) that the alleged trade-mark "Chip Steaks" is invalid; (c) that the defendants have not been guilty of any acts of unfair competition or trade-mark infringement; and (d) urge recovery upon their alleged counter-claims.

▇ Under the issues thus presented, and recognizing the general rule that in this class of cases the burden of proof to establish the allegations of plaintiffs' complaint rests upon the plaintiffs by a preponderance of the evidence that is clear and convincing, we then approach an analysis of the evidence in which there appears to be considerable repetition, confusion, and a keen conflict which presents to the mind a lack of clearness and confusion as to the method adopted by the parties in adopting the process when in preparing the meat for use and sale. But the first question to be considered is, was the patent in suit invalid for want of invention as the defendants urge. The plaintiff was not the original and first inventor or discoverer of the material part of the thing patented as it had been in public use or on sale in this country for more than one year before his application for a patent, and is indefinite and will not work.

▇ The patent in suit was issued on August 25, 1936, and the process to be patentable must possess novelty. 35 U.S. C.A. § 31. From a study of the prior art

patents in evidence, each of the steps of the process described and claimed in the patent in suit and the combination of such process steps has been heretofore taught by the disclosures of the prior arts disclosed by the patents to Taylor, Nos. 1,864,284, and 1,864,285, and patents to McKee Nos. 2,140,162 and 2,137,897.

The patent office was misled and did not consider the prior art patents of the McKee and Taylor patents in granting the application for the patent in suit and, due to such failure, is of particular significance with respect to the presumption of validity which normally would aid in upholding it is destroyed. Hann v. Venetian Blind Corporation, D.C., 21 F.Supp. 913; Mettler v. Peabody Engineering Corp., 9 Cir., 77 F.2d 56.

The process of preparing meat by the specific steps of the patent in suit is old in the art, therefore, invention is not shown. The Supreme Court has said that, " * * * To claim the merit of invention, the patented process must itself possess novelty. The application of an old process to a new and closely analogous subject-matter, plainly indicated by the prior art as an appropriate subject of the process, is not invention." Paramount Publix Corporation v. American Tri-Ergon Corporation, 294 U.S. 464, 55 S.Ct. 449, 453, 79 L.Ed. 997; Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 324 U.S. 320, 65 S.Ct. 647, 89 L.Ed. 973; Cuno Engineering Corporation v. Automatic Devices Corporation, 314 U.S. 84, 62 S.Ct. 37, 86 L. Ed. 58.

Invention is not shown because the patentee in suit specified in his claims exact temperature and time limitations required in the performance of his steps. For example, the slicing temperature range of 30° to 32° F. is broadly covered in the disclosure of the McKee patent 2,137,897, which specifies 0° to 32° F. The greater always includes the lesser. Newton Steel Co. v. Surface Combustion Co., 6 Cir., 75 F.2d 305. Commercial success alone is not sufficient to validate a patent. Heath v. Frankel, 9 Cir., 153 F.2d 369; Standard Parts, Inc., v. Toledo Pressed Steel Co., 6 Cir., 93 F.2d 336; Weidhaas v. Loew's, Inc., 2 Cir., 125 F.2d 544, in which certiorari denied, 316 U.S. 684, 62 S.Ct. 1285, 86 L.Ed. 1757.

The evidence discloses that prior uses the process described in the patent in suit were made by the defendant and others in the preparation of "Strato-Steaks". The statute requires that the alleged invention be not known or used by others before the patentees' invention or discovery thereof. Title 35 U.S.C.A. § 31; Alexander Milburn Co. v. Davis-Bournonville Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651; Barber v. Otis Motor Sales Co., 2 Cir., 271 F. 171, certiorari denied 256 U.S. 693, 41 S.Ct. 535, 65 L.Ed. 1175; Torrey v. Hancock, 8 Cir., 184 F. 61; National Mach. Corp. v. Benthall Mach. Co., Inc., 4 Cir., 241 F. 72; Columbus Dental Mfg. Co. v. Ideal Interchangeable Tooth Co., Inc., 1 Cir., 294 F. 422.

The claims in the patent in suit are broader and more indefinite than the alleged invention, as its claims specify in performing the process that the meat shall be thawed to a temperature of approximately 30° to 32° F. and then sliced into thin slices. This temperature range is contended by plaintiffs to be highly critical, yet, the evidence establishes that the process could not be performed within that entire temperature range. The alleged process is for slicing meat within a different temperature range than the 30° to 32° F. Where the claims, as here, do not specify a complete operative range of conditions but require the user to experiment, the claims are indefinite resulting in the patent becoming invalid. Tucker v. Spalding, 13 Wall. 453, 80 U.S. 453, 20 L.Ed. 515; Merrill v. Yeomans, 94 U.S. 568, 573, 24 L. Ed. 235; Standard Oil Co. of California, v. Tide Water Associated Oil Co., 3 Cir., 154 F.2d 579; Eisenstein v. Fibiger, C.C., 160 F. 686.

The evidence discloses that the patent in suit is invalid for the reasons thus stated as it is fully anticipated by the prior arts, there is no invention disclosed. There was prior public use, that the claims therein are indefinite and broader than the alleged

invention, and were issued on misrepresentations to the United States Patent Office.

The conclusion having been reached that the patent in suit is invalid, we need not consider the question of whether defendants infringed it. Cuno Engineering Corporation v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58.

The mere fact that a consent decree of this court, upholding the validity of the patent in suit is not controlling in the present action, as the defenses here were not before the court with respect to invention, prior art and the other contentions here made by the defendants. Murray-Ohio Mfg. Co. v. E. C. Brown Co., 6 Cir., 124 F.2d 426, 428; Warner Bros. Co. v. American Lady Corset Co., 2 Cir., 136 F.2d 93.

The further contention of the plaintiffs that there was infringement of the California registered trade-mark and unfair competition in the sale by the defendants of their product is not sustained: The evidence fails to establish this claim. The trade-mark "Chip Steaks" is merely descriptive and is known to the trade by that name, and the plaintiffs cannot have all exclusive rights to it. Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 59 S. Ct. 109, 83 L.Ed. 73. The trade-mark was improperly registered in the State of California, Sections 14242, 14246, California Business and Professions Code. Further the evidence here does not support the claim of unfair competition in the sale of Camp Steaks. There does not seem to be confusion between plaintiffs' and defendants' goods in the sale thereof, and the defendants have not engaged in any acts of unfair competition or infringement of the alleged trade-mark.

The further conclusion is reached under the evidence that the defendants are not entitled to recover from the plaintiffs upon their counterclaim as the evidence is conflicting and confusing.

Decree will be entered for the defendants and against the plaintiffs that plaintiffs are not entitled to recover against the defendants and that the defendants are not entitled to recover on their counterclaims; and that defendants recover the sum of $20,-000.00 as attorney fees and costs against the plaintiffs.

Counsel for defendants prepare Findings and Decree.