[redacted]

**SWITZER et al. v. MARZALL, Commissioner of Patents.**

**Civ. A. No. 597–49.**

United States District Court
District of Columbia.

Nov. 22, 1950.

Motion Denied March 2, 1951.

Albert L. Ely, ·Cleveland, Ohio, Bacon & Thomas, Washington, D. C., for plaintiffs.

E. L. Reynolds, Solicitor, Joseph Schimmel, Washington, D. C., for defendant.

KEECH, District Judge.

The process which plaintiff herein seeks to patent is that of dyeing fabric, particularly cellulose acetate, to obtain a daylight fluorescent fabric.

Briefly, he accomplishes this by dissolving a daylight fluorescent dye in a strong aqueous alcohol, or other solution' of water and a. solvent which swells the fibers of the fabric so that they will absorb the dye, immersing the fabric in the

dyebath, maintaining the temperature of the bath below that which swells the filaments of the fabric to coalescence, and then flushing the fabric with cool water to remove the dye bath.

The patent has been denied by the Patent Office on the ground that the various steps have been anticipated by prior patents, domestic and foreign. While it is admitted that plaintiff obtains improved results, it is contended that his process merely combines steps used in prior patents and uses materials already known to be effective in the dyeing of cellulose acetates.

■ While it is true that the materials used or one or more of the steps in plaintiff's process may be found in one or more of the patents to which defendant refers, none of the prior patents is such an anticipation that it bears within its four corners adequate directions for the practice of plaintiff's process,[1] nor do the combined references constitute anticipation under the test—"Would a man who was grappling with the problem solved by the patent attacked, and having no knowledge of that patent, if he had had the alleged anticipation in his hand, have said: 'That gives me what I wish?'"[2]

The only one of the prior patents which specifically relates to a process of obtaining fluorescent effects on textiles is the Paine patent (#2,089,413), which provides a process for attaining fluorescence on wool and cotton materials under ultra-violet light, but plainly indicates that materials so treated have no fluorescence when viewed by daylight.

The Rhodiaseta patent (French), the chief disclosure of which was preliminary treatment of cellulose acetate fibers with certain substances not theretofore used for communicating to cellulose acetate an affinity for dyestuffs, mentions in two examples that the *color* obtained is "a very fluorescent rose." However, there is no clear and definite disclosure that textiles treated by the Rhodiaseta process are daylight fluorescent such as would constitute anticipation of plaintiff's invention, and nothing in the patent indicates that the originators were aware that fabrics treated by a variation of the process therein described would be daylight fluorescent.[2]

■ It is true that the fact that an applicant for patent is the first to combine prior art disclosures does not entitle him to a patent, where the combination is the result of mere mechanical skill applied to an idea or ideas previously disclosed and neither the means employed nor the result obtained are novel.[3] But patentability may be shown, although the invention rests, as do its claims, upon a combination of elements already known.[4] "The fact that a combination later appears to be a simple one does not necessarily negative the presence of a high degree of inventive genius."[5] So, too, a process based on a known procedure, merely omitting one step and making new and better use of the old instrumentalities to obtain an improved product,[6] and a process which reversed steps in a manufacturing process to secure an improved result,[7] have been held patentable. The element essential to invention, however it may be manifested, is the "uncommon talent" which is the root of invention in a patentable sense.[8]

I find that the plaintiff's process, while utilizing certain materials and processes made known by prior patents, attains a new result, namely, daylight fluorescent fabrics, or, at the least, substantially en-

1. Dewey & Almy Chemical Co. v. Mimex Co., 2 Cir., 124 F.2d 986.

2. Becket v. Coe, 69 App.D.C. 51, 98 F. 2d 332, 336.

3. Electric Cable Joint Co. v. Brooklyn Edison Co., 292 U.S. 69, 54 S.Ct. 586, 78 L.Ed. 1131.

4. Electrons, Inc. v. Coe, 69 App.D.C. 181, 99 F.2d 414.

5. Electrons, Inc., v. Coe, supra, citing Webster Loom Co. v. Higgins, 105 U.S. 580, 26 L.Ed. 1177.

6. Lawther v. Hamilton, 124 U.S. 1, 8 S.Ct. 342, 31 L.Ed. 325.

7. In re Butz, 58 App.D.C. 354, 30 F.2d 878.

8. Standard Oil Development Co. v. Marzall, D.C.Cir., 181 F.2d 280.

54

hanced qualities of utility, namely, fluorescence of fabrics enhanced to a degree never before conceived of, and does exhibit the necessary spark of genius; and that therefore plaintiff is entitled to a patent.[9]

While the commercial success of a new development does not render a patent valid, the Supreme Court has stated that "in cases where the question of patentable invention is a close one, such success has weight in tipping the scales of judgment toward patentability."[10] In the instant case I find the widespread recognition by industry, government, and the public of the utility of materials treated by plaintiff's process, and the fact that established firms have become licensees of plaintiff prior to his obtaining of a patent, sufficient to tip the scales in favor of patentability, if it be conceded that the question is a close one.

Counsel will prepare appropriate findings of fact, conclusions of law, and order.

9. Becket v. Coe, supra.

10. Jungersen v. Ostby & Barton Co., 335 U.S. 560, 69 S.Ct. 269, 272, 93 L.Ed. 235.