**SWITZER BROS., Inc., v. CENTENNIAL LIQUOR STORES, Inc., et al.**

**No. 13079.**

United States Court of Appeals
Fifth Circuit.

Jan. 10, 1951.

Albert L. Ely, Jr., Cleveland, Ohio, Carlisle Blalock, Dallas, Tex., for appellant.

Emil Corenbleth, A. S. Baskett, and John A. Erhard, all of Dallas, Tex. for appellees.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

BORAH, Circuit Judge.

This is a suit for alleged infringement of United States Letters Patents Nos. 2,-417,383, 2,417,384 and 2,475,529, all relating to a novel color phenomenon termed daylight fluorescence. The court below found all three patents to be valid and infringed by daylight fluorescent signs and sign fabrics made, used, or sold by all of the defendants and no appeal is taken from that part of the judgment. But the trial court disallowed damages for such infringement and it is from this part of the judgment that plaintiff has appealed.

The first and second numbered patents in suit were granted to Robert C. Switzer and Joseph L. Switzer respectively on March 11, 1947; the third was granted to the two Switzers jointly on July 5, 1949.[1] The plaintiff-appellant, Switzer Brothers In-

---

1. The patents in suit were granted as follows: No. 2,417,383 for Coated Fluorescent Fabric, granted March 11, 1947 to Joseph L. Switzer; No. 2,417,384 for Daylight Fluorescent Signaling and Display Device, granted March 11, 1947 to Robert L. Switzer; No. 2,475,529 for Fluorescent Device and Method of Making the same, granted July 5, 1949 to Joseph L. Switzer and Robert L. Switzer jointly.

corporated, later became the exclusive licensee under all three patents and brought this action in the United States District Court for the Northern District of Texas against Centennial Liquor Stores, Inc., and various other defendants, charging them with infringement and seeking an injunction, and accounting of profits and for damages.

The cause came on for trial by the court without a jury, and at the conclusion of the trial the court rendered its oral opinion. It found that the patents in question were valid and that defendants did infringe them; that such infringement was, except as to defendants Edrie T. Blake and Ben New, without knowledge that plaintiff had patents on the infringing material; that the patented products were not marked as the statute requires and plaintiff did not give defendants, other than Blake and New, notice of their infringement. The court further found that defendants' dealings had injured plaintiff's sales in the Dallas territory and that such injury, by reason of the faulty goods sold, had resulted in probable loss of business to plaintiff, but that such injury and loss were not the primary fault of defendants, apparently for the reason that plaintiff had not taken action against the suppliers of the infringing material. And so finding, the court concluded that it would be unjust and inappropriate to assess damages against any of the defendants. Thereafter the court entered its decree permanently enjoining defendants from infringing upon the claims of said patents and denying plaintiff's prayer for damages. It is from that part of the judgment disallowing damages that plaintiff has appealed.

Plaintiff frankly concedes that any damages that could be assessed against the defendants, other than Blake and New, would be negligible. Consequently, it is not contended that the court erred in failing to award damages for the infringement they committed. Plaintiff assigns as error only two major points. First, that there is no basis in the record for the court's finding that plaintiff has not marked the patented products as required by the Statute, 35 U.S.C.A. § 49. The second point is that the court erred in discharging Blake and New without a determination of damages upon further accounting and discovery.

■ Without setting out the testimony in detail, it is sufficient for us to say on plaintiff's first point that the record is as stated by plaintiff and the finding may not stand. See United States v. Yellow Cab Company, 338 U.S. 338, 342, 70 S.Ct. 177. Robert C. Switzer testified that both plaintiff and its licensees complied with the provisions of the statute in marking the patented products. This testimony was uncontradicted and an examination of the samples of licensed displays in evidence shows that patent numbers are marked on the patented articles in accordance with the Statute.

■ Upon plaintiff's second point, we agree that the court erred in not ordering an accounting and further discovery proceedings to determine the extent to which defendants Blake and New had infringed the patents in suit and that the court's action in discharging Blake and New without a determination of damages has summarily deprived plaintiff of the compensation to which it is entitled under the Statute.[2] In the thirty-five days which elapsed between the filing of suit and the trial it was hardly possible for plaintiff to discover the extent to which these defendants had infringed the patents, especially in view of the destruction or loss of records by each of the defendants. Plaintiff was not in a position to introduce evidence in support of the proof of damage as an integral part of the trial. Indeed, it would have been improper for plaintiff to have pressed for discovery of the extent of damages before the validity and infringement of its patents had been established.[3] While this record

2. 35 U.S.C.A. § 70, reads in part as follows: " * * * and upon a judgment being rendered in any case for an infringement the complainant *shall be entitled* to recover general damages which shall be due compensation for making, using, or selling the invention, not less than a reasonable royalty * * *." (Emphasis added.)

3. Sinclair Mfg. Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 694, 53 S.Ct. 736, 77 L.Ed. 1449.

does not indicate that the damages may be large, they may be more than negligible and without further discovery neither the court nor plaintiff can know the true extent thereof.

The judgment of the lower court is affirmed on the issues of validity and infringement and reversed as to damages.

Affirmed in part and reversed in part and remanded.