**RITCHIE v. LEWIS–BROWNING MFG. CO., Inc., et al.**

No. 13630.

United States Court of Appeals Fifth Circuit.

May 13, 1952.

Andrew E. Carlsen, Minneapolis, Minn., Wm. C. Church, Jr., San Antonio, Tex., for appellant.

Frank E. Liverance, Jr., Grand Rapids, Mich., B. A. Greathouse, San Antonio, Tex., for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Appellant, plaintiff, sued appellees, defendants, charging infringement of United States Letters Patent No. 2,024,184 issued December 17, 1935 for a "Roller for Oil Mix Roads". The claims of the patent relied upon are those numbered 2, 3, 4, and 10 copied in the margin.[1] The district court found the patent invalid under the holding in Great Atlantic and Pacific Tea Company v. Supermarket Equipment Corporation, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

Appellant, in his brief, succinctly expresses the substance of the invention as follows:

"What Mr. Ritchie invented was an earth compaction roller using two series of pneumatic tires, and with the tires of each series so spaced and staggered, with respect to the tires of the other series, that the tires of one series would accurately cover the strips or spaces between the tires of the other series, so that the entire surface or width of the path traversed would be uniformly treated by the much desired kneading and compaction action that only pneumatic tires can give."

1. "2. A device of the class described having in combination, a body, a front axle secured to said body, a series of wheels mounted on said axle, said wheels being equipped with tires of yielding resilient material, a rear axle secured to said body, a series of wheels mounted on said rear axle, said latter wheels being equipped with tires of yielding resilient material, said wheels on said front and rear axles being arranged in staggered relation."

"3. A device of the class described having in combination, a frame, a front axle mounted on said frame, a series of wheels mounted on said front axle, said wheels being equipped with tires of yielding resilient material, a rear axle mounted on said frame, a series of wheels mounted on said rear axle and equipped with tires of yielding resilient material, said wheels and tires being so spaced and proportioned that substantially the entire area over which said device is drawn is engaged by said tires."

"4. A device of the class described having in combination a body adapted to be loaded to be weighted, a front axle secured to said body mounted to swing about a vertical axis, a series of wheels spaced laterally from each other mounted on said axle and having tires of yielding resilient material thereon, a rear axle secured to said body having a series of wheels thereon spaced laterally from each other having tires of yielding resilient material thereon, said latter wheels being aligned longitudinally with the spaces between the wheels on said front axle."

"10. A device for rolling and packing oil mix roads having in combination, a frame, a series of laterally spaced wheels mounted thereon, said wheels having pneumatic tires of relatively large size thereon and a series of wheels spaced longitudinally from said wheels mounted on said frame and also spaced laterally from each other having pneumatic tires of large size thereon, said latter wheels being disposed in longitudinal alignment with the spaces between said first-mentioned wheels, said tires being of such size and said wheels being so spaced that substantially the entire area of the surface traversed is engaged when said front and rear wheels pass thereover."

Appellant says that the Patent Office examiner "put his finger on the critical feature, the heart and soul of the Ritchie invention", when he pointed out:

"What the art does not teach in view of applicant's arguments is to arrange the wheels of a size to cover substantially the entire area by means of pneumatic tires."

With commendable candor, the appellant concedes:

"Compaction by automobile traffic or by trucks having pneumatic tires was practiced long prior to Mr. Ritchie's invention, and the advantages obtained by the action of such tires on the road material were recognized. The flexing pneumatic pressures being distributed diagonally and not merely vertically in the irregular road surface material, and not being restricted to linear cross-contact with high spots only (as with the steel rollers), resulted in a kneading action producing uniformity of compaction not possible with steel rollers. These were known facts."

Long before the issue of the patent, as admitted in its first paragraph, it had been found that the ordinary traffic of vehicles (rubber tired automobiles), at slow speeds, rolled and compacted the surface of the road bed into the best condition. Compacting had been accomplished by running offset, connected trucks up and down the road, though with the disadvantages of requiring a number of trips and not exactly uniform compaction even when good truck drivers were employed.

■ The district court referred to the fact that the patent in suit differed from a prior French patent No. 717,502 "only in the specific arrangement of the rubber tired wheels of the front and the rear series of such wheels, so as to cover the whole width of a length of the road passed over." Continuing, the district court said, "Such ar-

rangement of the wheels in a road roller, in the same way and for the purpose of covering the whole width of the road passed over, is not new, being shown in patents earlier than the patent to Ritchie". Among such patents in evidence are Huntley, No. 1,831,116, Kelly, No. 118,616, Schamell, No. 1,102,443, Thompson, No. 1,757,691, and Wolf, No. 810,453, each of which shows steel wheel rollers with the front and rear wheels staggered. Some, if not all of these, employ a theory of compaction sinking down into the roadbed and packing the soil from the subgrade up while the pneumatic compaction method distributes the pressures downwardly from the top surface. In effect, Ritchie simply put rubber tires on the wheels of the Huntley road roller. He added together the two old effects, each independently usable, the staggered arrangement of wheels, and the better compaction accomplished by pneumatic rubber tires. "Mere aggregation of several results, each the complete product of one of the combined elements" does not make a patentable combination.[2]

■ Ritchie introduced evidence of the commercial success of his roller and cites our decisions that with such proof, "any doubt as to patentability should be resolved in favor of the patent."[3] It is none the less true that in the absence of invention, proof of commercial success is of no avail. It cannot be used to raise a doubt of invention and then resolve the doubt in its favor. In Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162, no invention was held in the device notwithstanding that one of the gigantic chain stores of the United States adopted and used it after it was produced.

Appellant relies also upon the rulings of five other district courts, two of which were upon full trial, holding the patent in suit to be valid. Such rulings are entitled to re-

2. Ranco v. Gwynn, 6 Cir., 128 F.2d 437, 443; Osgood Dredge Co. v. Metropolitan Dredging Co., 1 Cir., 75 F. 670; United Specialties Co., v. Industrial Wire Cloth Products Corp., 6 Cir., 186 F.2d 426, 428.

3. Atlantic, Gulf & Pacific Co. v. Wood, 5 Cir., 288 F. 148, 154; Jelks & Son v. Tom Huston Peanut Co., 5 Cir., 52 F.2d 4, 8; Texas Rubber & Specialty Corp. v. D. & M. Machine Works, 5 Cir., 81 F.2d 206; Allis-Chalmers Mfg. Co. v. Columbus Electric & Power Co., 5 Cir., 19 F. 2d 860.

spectful consideration and in doubtful cases they are strongly persuasive, but they do not supplant "the primary duty of every court to dispose of cases according to the law and the facts; in a word, to decide them right." Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 488, 20 S.Ct. 708, 710, 44 L.Ed. 856.

All things considered, and elusive as is the concept of invention, we think that "invention, if it exists at all, is only in bringing old elements together", and that by standards appropriate for a combination patent, the claims here involved are invalid. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

Affirmed.