**MARZALL, Commissioner of Patents
v. SWITZER et al.**

No. 10985.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 13, 1952.

Decided June 26, 1952.

See, also, 96 F.Supp. 332.

Joseph Schimmel, United States Patent Office, Washington, D. C., with whom E. L. Reynolds, Solicitor, United States Patent Office, Washington, D. C., was on the brief, for appellant.

Albert L. Ely, Jr., Cleveland, Ohio, for appellees.

Charles B. Gordon, Cleveland, Ohio, also entered an appearance for appellees.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellees Switzer and Ward brought a civil action in the District Court under Section 4915 of the Revised Statutes,[1] pray-ing that the Commissioner of Patents be authorized and directed to issue a patent to them. After a trial the court rendered a memorandum opinion,[2] made findings of fact and conclusions of law, and entered judgment for the plaintiffs. The Commissioner appealed.

The claims of the patent concern a process of dyeing fabrics to obtain a daylight fluorescence, and a composition of matter comprising fabrics so treated. The ordinary dyeing of fabrics is, of course, a process by which a given color is obtained. In such dyeing processes it appears that the dye material is coated primarily upon the surface of the filaments of the fabric. Those processes are an ancient art. It has also been well known that certain dyes will "fluoresce", that is, emit visible light, when subjected to an ultraviolet light in the absence of direct visible light. This process is widely used in theatrical costumes and effects.

Switzer and Ward discovered that if the molecules of a fluorescent dye are dispersed throughout the filaments of a fabric, instead of being coated on the outside of the filaments, the dye will emit a fluorescence in response to and in the presence of ordinary visible light. It appears that when these molecules are thus dispersed the fabric not only reflects the selected color, as it does under ordinary dyeing, but utilizes the light energy which is wasted when the fabric absorbs the other colors, and so emits a fluorescent light, in the selected color, in addition to the reflected light.

Daylight fluorescent fabrics have many uses, not only in theatrical productions but in such fields as military signaling, aircraft signaling, and ordinary decorative uses. Appellees used well-known dyes and well-known fabrics, and the several separate steps of their process, such as immersion, drying, etc., were all well known. However, the precise steps taken by them, the proportions of the ingredients used, the order in which the steps were taken, and the various other details were new with

1. As amended, 35 U.S.C.A. § 63.

2. Switzer v. Marzall, D.C.D.C. 1950, 94 F.Supp. 52.

them. Daylight fluorescent fabrics were wholly unknown until the present invention, and such a result was neither referred to nor hinted at in any prior art. The prior art dealt with ordinary dyes, ordinary dyeing processes, and ordinary dyeing results. We can find nothing in the prior art which would lead one to suspect or to achieve the results of the present invention.

It is unnecessary that we go further into detail. The various considerations which led to the conclusion of the District Court are amply stated in its memorandum opinion, findings of fact, and conclusions. We refer to and rely upon them. The applicable rule as to the use of known elements to achieve a new and useful result has been stated recently by the Supreme Court in Great A. & P. Tea Co. v. Supermarket Corp.[3] and by this court in Broderson v. Marzall.[4] The District Court concluded that the present invention exhibits more than the skill of the art, a condition necessary to the grant of a patent. We agree with that conclusion, and the judgment of the District Court is, therefore,

Affirmed.

---

3. 1950, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

4. 1951, 90 U.S.App.D.C. 78, 194 F.2d 138.