**TEXAS–MILLER HAT CORP. et al. v. SWITZER BROS., Inc., et al.**

**SWITZER BROS., Inc. et al. v. TEXAS–MILLER HAT CORP. et al.**

No. 13915.

United States Court of Appeals Fifth Circuit.

Feb. 13, 1953.

Rehearing Denied April 23, 1953.

George B. Finnegan, Jr., Morgan, Finnegan & Durham, New York City, James J. Laney and Locke, Locke & Purnell, Dallas, Tex., for appellant and cross-appellees.

Albert L. Ely, Jr., Ely, Frye & Hamilton, Cleveland, Ohio, Carlisle Blalock, of Carrington, Gowan, Johnson & Walker, Dallas, Tex., for appellee and cross-appellants.

Before HOLMES, RUSSELL, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This suit for damages, for an accounting, and an injunction, was instituted by the Switzers in August, 1951, under the Patent Laws of the United States, Section 1338, Title 28 U.S.C., against various customers of Arthur Kahn, Inc. It alleged infringement of two patents owned by Switzer, each relating to articles dyed with fluorescent dyes; one, the Switzer patent, being entitled "Daylight Flourescent Signalling and Display Devices," the other, the Gantner patent, entitled "Improvement in Swimming Suits." Arthur Kahn, Inc., was allowed to intervene on the ground that it had agreed to indemnify the defendants and was the real party in interest. The court overruled a motion of defendants to stay proceedings on the ground that a prior suit had been filed by Kahn in the District Court of Ohio, involving the same parties and issues, and also overruled a motion by defendants for a continuance. The case proceeded to trial, and the court below entered judgment for the Switzers, disallowing any damages but holding that the patents were valid and infringed, and granting an injunction against any further violation.

The appeals and cross-appeal involve primarily the validity of the patents; but Kahn and his customers also contend that the court erred in overruling the motions for a continuance, for stay of proceedings, and in failing to consider evidence offered during the trial. In support of the argument against invalidity, Kahn claims that modern understanding of fluorescence dates from 1852, and contends that the fluorescent devices involve only ordinary skill to persons familiar with the art, and wholly lack patentable novelty. This complex litigation has been going through the courts since February, 1950, involving suits in New York, California, and Ohio.

The court below found that the plaintiffs declared upon the Switzer patent No. 2,417,384 and certain assignment rights under the Gantner patent No. 2,450,085, and that the Gantner patent "goes into a little more detail with reference to a single garment." The court found further that there was no anticipation of this particular device for the purpose set out in certain claims of the

Switzer patent; that a device means a combination of what people previously do, so placed together as to create a new and different result, which is patentable under the laws of the United States; that this device was a commercial success; that, in addition to its presumption of validity, its validity was proven by "vitality" and the acceptance by the government of the United States as one of its royalty payees; but that there was no proof upon which the court should sustain any right to recover damages.

The gist of the court's holding was that the allegedly new use of the fabric in clothing (not the fabric itself) was the vitalizing element of patentability. To the same effect was the opening statement of plaintiff's counsel wherein it was stated that one matter to be kept in mind, and which was essential to this case, was that the patent covered "the devices themselves, and not the materials from which the device may be made." In other words, counsel continued, the patent does not cover the paint, the printed paper, *the fabric,* or the other materials from which the finished, completed display device may be made. Again, he said, "that the patents in suit do not cover the daylight fluorescent materials from which the devices are made, namely, the fabric."

 We agree with the appellants (defendants below) that the prior art is a complete defense to this suit, and that the patents have not been infringed, because to call a hat, coat, sweater, bathing suit, or any other garment worn by a child, a signalling device is unreasonable and threatens the validity of the patent. Moreover, all the fabrics that are made into garments, and alleged to be infringed by the appellees, are old fabrics and described in art as far back as 1901: as such they have been available to the public. The argument that there can be no more obvious use of cloth than to make garments out of it appeals to us very much. Therefore, a patent cannot be predicated upon the transferring of cloth into garments such as hats, pants, and swimming suits. It is well settled in patent law that, if a known process produces an article, that article cannot be patented. A new use for an old product is not patentable. Hotch-

kiss v. Greenwood, 11 How. 248, 52 U.S. 248, 264, 266, 13 L.Ed. 683; Tucker v. Spalding, 13 Wall. 453, 80 U.S. 453, 455, 20 L.Ed. 515; Gardner v. Herz, 118 U.S. 180, 192, 6 S.Ct. 1027, 30 L.Ed. 158; Ansonia Co. v. Electrical Supply Co., 144 U.S. 11, 12 S.Ct. 601, 36 L.Ed. 327; General Electric v. Jewell Incandescent, 326 U.S. 242, 66 S.Ct. 81, 90 L.Ed. 43; MacDougald Const. Co. v. Finley, 5 Cir., 38 F.2d 809. The newly enacted Patent Codification Act did not go into effect until Jan. 1, 1953, and has no application to the present case. See last sentence of the new act, Sec. 5, which preserved existing rights under repealed sections.

So far as the court below held that the patents in suit were valid and infringed, its judgment is reversed and set aside; so far as it denied plaintiffs' prayer for damages, its judgment is affirmed. In all other respects, the judgment appealed from is reversed and the cause remanded to the district court with directions to dismiss the suit of the plaintiffs below, appellees here. All costs of these appeals to be taxed against the appellees and cross-appellants.

Reversed.

STRUM, Circuit Judge (dissenting).

Being of the opinion that the patents in question are valid and infringed, and that there has been no sufficient prior anticipation of the device here in question to defeat its patentability, I think the decree appealed from should be affirmed.

The Switzer patent relates to a novel color phenomenon termed daylight fluorescence. It embodies a device which imparts to clothing, paper or other material a fluorescent quality which in daylight causes the material to emit light, rather than merely reflecting it. This creates a sharper and more vivid color, distinguishable at much greater distances, and with much greater fidelity to color, than is true with an ordinary color which does no more than reflect light.

Ordinary non-fluorescent colors which operate by the mere reflection of light rays absorb many of the useful properties of light found in the invisible ultra-violet rays,

as well as in the visible blue, green, yellow and orange wave lengths of light, which are also present in the incident light. These are called "subtractive" colors because they diminish the useful properties of light. In these non-fluorescent or "subtractive" colors the absorbed light rays are wasted.

By the Switzer patent, however, these ordinarily wasted light rays are utilized. This is accomplished by the use of a "backing sheet" impregnated with fluorescent dye highly responsive to daylight, imparting to the material to which it is applied a fluorescent brilliance rendering it more vivid and distinguishable at much greater distances, than the ordinary reflected color. Instead of absorbing light, the materials so treated emit colors which are not only very brilliant, but which are pure and sharply discernible, even in "thick" weather or in semi-darkness. Clothing, signaling devices and other articles made from materials so treated are used by the Army, Navy and Air Force for signaling and identification in situations where visibility and distinguishability at great distances are vital. Materials which contain the properties imparted by this device are sharply distinguishable at distances much greater, and maintain their color with greater fidelity, than ordinary material which depends upon the natural reflection of light to establish its color. It seems to me that a new device which produces these results constitutes a patentable discovery which should be protected. The same general observation applies to the Gantner patent which utilizes the same basic principles in materials for making bathing suits, thereby producing a product of brilliant hue, distinguishable at great distance and under difficult lighting conditions.

It is true that there is some evidence of an attempted anticipation of these devices. But the prior art was not sufficiently developed to constitute a prior disclosure. The method here employed, and the results produced, differ substantially from those of the alleged prior art, which produced a dull color of limited visibility, whereas the colors produced by the Switzer method are sharp, vivid and highly distinguishable, even in semi-darkness. This was not true of the product of the alleged prior art. The Switzer product is much more brilliant, and distinguishable at much greater distances than the prior product. This is due to the marked superiority of the Switzer device for producing fluorescent qualities in the material. A device is patentable even though it rests upon a combination of elements already known. But in my opinion it can not be said that the method here employed constitutes a mere combination of prior disclosures, as in Ritchie v. Lewis-Browning Mfg. Co., 5 Cir., 196 F.2d 434, and Great Atlantic & Pacific Tea Co. v. Supermarket, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162. It is a new "discovery" within the meaning of the patent laws. See Switzer v. Marzall, D.C., 94 F.Supp. 52, affirmed, D.C.Cir., 199 F.2d 776, in which a similar process is held patentable, also Switzer Bros. v. Centennial Liquor Stores, 5 Cir., 186 F.2d 414, where validity of the Switzer patent here involved (No. 2,417,-384) was conceded, and this Court ordered a recovery of damages for its infringement. For these reasons, I respectfully dissent.

Rehearing denied: STRUM, Circuit Judge, dissenting.