**UNITED STATES v. SWITZER BROS., Inc., et al.**

No. 29860.

United States District Court,
N. D. California, S. D.

Aug. 26, 1953.

Harold Haidt, Don H. Banks, and Lyle L. Jones, Antitrust Division, Department of Justice, San Francisco, Cal., for the United States.

Ely, Frye & Hamilton, Cleveland, Ohio, and Lillick, Geary, Olson, Adams & Charles, San Francisco, Cal., for defendants Switzer Bros., Inc., Robert C. Switzer and Joseph L. Switzer.

Nelson, Boodel & Will, Chicago, Ill., and Lillick, Geary, Olson, Adams & Charles, San Francisco, Cal., for defendant Lawter Chemicals, Inc.

Boyken, Mohler & Beckley, W. Bruce Beckley, San Francisco, Cal., for defendants Gantner & Mattern Co., the Firelure Corporation, Burns, Stratford, Gantner and Beckley.

Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., Philip S. Ehrlich, San Francisco, Cal., for defendant Aberfoyle Mfg. Co.

T. J. McDowell, Cleveland, Ohio, and McClymonds, Wells & Wilson, Oakland, Cal., for Sherwin-Williams Co., and Sherwin-Williams Co. of California.

GOODMAN, District Judge.

On June 28, 1950, the United States filed its complaint against the above named defendants for an injunction and other equitable sanctions, alleging violations of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7 and the Clayton Act, 15 U.S.C.A. §§ 12–27.

Before any responsive pleading was filed by any defendant, the defendants Switzer Brothers, Inc., The Sherwin-Williams Company, an Ohio corporation, and The Sherwin-Williams Company of California, Aberfoyle Manufacturing Company, Inc., Lawter Chemicals, Inc., Robert C. Switzer and Joseph L. Switzer, filed and presented, in August 1950, a motion, pursuant to 28 U.S.C. § 1404(a), to transfer the cause to the United States District Court for the Northern District of Ohio. The plaintiff and the other defendants (i. e. California defendants) opposed the motion. The Court denied the motion without prejudice to its renewal at a later stage of the litigation.

The cause then proceeded through the stages of pleading, discovery and pre-trial. Many hearings of various motions in connection with pre-trial were had. As of today, the clerk's record shows that there have been 167 separate documentary pleadings filed.

It was not until May 1953, that the defendants Switzer Brothers, Inc., Robert C. and Joseph L. Switzer, The Sherwin-Williams Company, an Ohio corporation, The Sherwin-Williams Company of California and Lawter Chemicals, Inc., of Chicago filed renewed motions to transfer to the Northern District of Ohio.

Voluminous affidavits have been filed on both sides and the motions have been orally argued and briefed.

At the hearing upon the motions, it was stated and stipulated that the so-called California defendants, The Firelure Corporation, Aberfoyle Manufacturing Company, Gantner & Mattern Company, John O. Gantner, Jr., Eugene Burns, Gerald D. Stratford and W. Bruce Beckley have negotiated with the plaintiff for the future entry of consent decrees as to them; and it was further stipulated that the motions for transfer should be heard and determined by the court as if the only parties defendant before the court were Switzer Brothers, Inc., Robert C. and Joseph L. Switzer (officers of Switzer Brothers, Inc.) The Sherwin-Williams Company, an Ohio corporation, The Sherwin-Williams Company of California (its subsidiary) and Lawter Chemicals, Inc., of Chicago. It is these last named defendants who seek the transfer. Their motions, this time, are opposed by the plaintiff alone.

With the exception of the California subsidiary of the Ohio Sherwin-Williams Company, all of the so-called California defendants are out of the cause for the purpose of the motions, since they all have, as previously stated, agreed to the entry of consent decrees.

At the outset, it should be noted that Section 1404(a) does not provide for the transfer of a cause for the purpose of *trial*, but for the transfer of "*any civil action* to any other district or division where it might have been brought."

The plea for transfer here is unusual. This anti-trust litigation started three years ago. It has been litigated in its pre-trial aspects, both vigorously and voluminously. The defendants Switzer Brothers, Inc., et al., through their counsel have come to this court from Ohio on numerous occasions to litigate various phases of the cause. Now after three years, when the so-called California defendants have agreed to consent decrees, the defendants Switzer Brothers, Inc., Lawter Chemicals, Inc. of Chicago and the parent The Sherwin-Williams Company and its California subsidiary seek the transfer of the cause for *trial* to the Northern District of Ohio.

The Northern District of California was the proper venue for the commencement of the suit. California residents were defendants. The complaint alleged acts in violation of the antitrust laws committed in this jurisdiction by all the defendants. Under the circumstances the considerations favoring a transfer of the cause must be most persuasive.[1]

Antitrust causes have their distinctive characteristics. But they are nevertheless, in the general purview of the administration of justice, still judicial causes. They should proceed on their way, like all other causes, with reasonable dispatch. They are not to be shunted here and there to be determined in substantial part in one jurisdiction, and in other substantial part, in another jurisdiction. In earlier days, *courts* were itinerant. But § 1404(a) is not a green light for a cause, like a circus wagon, to move from place to place. The cause is set for trial here for November 23, 1953. It should proceed and not be postponed for trial elsewhere, when, after three years of battling, a number of the defendants agree to a decree.

The grounds urged for transfer may be briefly disposed of—

1. The evidence upon the motion demonstrates no substantial or overbalancing preponderance of convenience of parties or witnesses justifying transfer to Ohio.[2] It is claimed that Switzer Brothers, Inc., is a small concern, having comparatively few employees, that its resources are not great and that the expense of trial here is too burdensome. But its smallness is purely in the physical sense, for its business is licensing, which is countrywide in scope. Hence, if it fouls the statutes, it cannot make the Government come to it, where it has its office, for relief.

2. There is no substantial evidence showing that the Government abused its discretion in selecting the Northern District of California as the forum for this cause; or, in other words, that this is a so-called "imported" case.[3] I am satisfied from the showing made that the actual investigation of the antitrust charges set forth in the complaint took place in this district and that the Government has a substantial number of witnesses available in California, and in this district and nearby, to support the complaint. It is true that a general investigation was conducted by the Anti-Trust Department in Ohio at or prior to the commencement of the investigation in California. But the Ohio investigation was a survey which concerned licensing companies generally, and not the defendant Switzer Brothers, Inc., in particular, as claimed by Switzer Brothers, Inc.

3. The interests of justice do not require a transfer. While this court, like

---

1. Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055. Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 330, 332.

2. Gulf Oil Corp. v. Gilbert, supra; Ford Motor Co. v. Ryan, supra; Ferguson v. Ford Motor Co., D.C., 89 F.Supp. 45, 54.

3. Consult U. S. v. National City Lines, D.C., 80 F.Supp. 734; Id., 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226; Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L. Ed. 1207; U. S. v. Gerber, D.C., 86 F. Supp. 175; Ford Motor Co. v. Ryan, supra.

other federal district courts in metropolitan areas, is burdened with a heavy volume of litigation, this does not appear to be a sound reason to shift the venue. Switzer Brothers, Inc., apparently is conducting its licensing business all over the United States, and has been engaged in litigation extensively concerning such matters. California residents have been substantially affected. Inhabitants in this district are alleged to be connected with material phases of the alleged antitrust conspiracy.

■ 4. The nature of the activities of Switzer Brothers, Inc., are such, as alleged in the pleadings and affidavits, that the United States may properly litigate its claims in this district. The defendants have not the privilege of selecting the venue, where the United States must perforce find the evidence to support its cause.[4]

Finally, in my opinion, both the interests of the United States and the objects of this litigation would be disserved rather than served by the transfer of this litigation, after three years of it, under the circumstances stated, to another jurisdiction.

The motion for transfer is denied.

4. Ferguson v. Ford Motor Co., supra.