SWITZER BROTHERS, Inc., Robert C. Switzer, and Joseph L. Switzer, Plaintiffs,

v.

James P. BYRNE, d.b.a. Byrne Wallpaper & Paint Store, Defendant.

Civ. A. No. 29975.

United States District Court
N. D. Ohio, E. D.
April 4, 1956.

Ely, Frye & Hamilton, Albert L. Ely, Jr., Cleveland, Ohio, for plaintiffs.

Stephen S. Townsend, Charles E. Townsend, Jr., Carl Hoppe, Townsend, Townsend & Hoppe, San Francisco, Cal., for defendant.

JONES, Chief Judge.

Plaintiffs, Switzer Brothers, Inc., Robert C. Switzer and Joseph L. Switzer, filed this suit for infringement of patents, injunction, accounting and other relief on February 9, 1953. Robert C. Switzer and Joseph L. Switzer are described in the complaint as "record title owners" of the patents involved. Switzer Brothers, Inc., is described in the complaint as the "exclusive licensee with the right to grant sub-licenses" based on the patents involved in this suit.

On December 16, 1955, Robert C. Switzer and Joseph L. Switzer and their respective wives, Patricia D. Switzer and Elise de G. Switzer, divested themselves of their interests by assigning all right, title and interest, legal and equitable, in and to the patents in suit to Switzer Brothers, Inc., as indicated by the affidavit of Robert C. Switzer.

Switzer Brothers, Inc., one of the plaintiffs, now moves for dismissal of co-plaintiffs Robert C. Switzer and Joseph L. Switzer for the reason that they have become dispensable and unnecessary parties.

The defendant moves for dismissal of the complaint on the ground that Patricia Switzer and Elise de G. Switzer are indispensable parties plaintiff and are not parties plaintiff to this action.

In the case of Switzer v. Commissioner of Internal Revenue, 6 Cir., 1955, 226 F.2d 329, the Court found that Patricia D. Switzer and Elise de G. Switzer, respective wives of Robert C. Switzer and Joseph L. Switzer, each received on or before November 1, 1945, an one-eighth interest in the patents involved in this suit. Therefore, since the purported assignment, dated December 16, 1955, cannot be retroactive to the time of filing the original complaint, the fatal defect in parties plaintiff at the inception of the suit has not been cured for the reason the suit should have been brought in the first instance in the names of all the joint-owners of the patents. Patricia D. and Elise de G. Switzer are indispensable parties plaintiff to the relief sought by the complaint.

In Waterman v. Mackenzie, 1891, 138 U.S. 252, 11 S.Ct. 334, 335, 34 L.Ed. 923 the Supreme Court stated:

"In equity, as at law, when the transfer amounts to a license only, the title remains in the owner of the patent; and suit must be brought in his name, and never in the name of the licensee alone unless that is necessary to prevent an absolute failure of justice, as where the patentee is the infringer, and cannot sue himself. Any rights of the licensee must be enforced through or in the name of the owner of the patent, and perhaps, if necessary to protect the rights of all parties, joining the licensee with him as a plaintiff."

See Hurd v. Sheffield Steel Corp., 8 Cir., 1950, 181 F.2d 269 and Crown Die & Tool Co. v. Nye Tool & Machine Works, 1923, 261 U.S. 24, 43 S.Ct. 254, 67 L.Ed. 516.

Motion to drop certain plaintiffs, for reasons stated above, will be denied.

On the basis of the admission in plaintiffs' "Opposition to Dismissal on Defendant's Terms and Conditions" filed November 25, 1953, as to the purpose for which this action was brought, the motion to dismiss, with prejudice, will be granted.