SWITZER BROTHERS, Inc., Appellant,

v.

James P. BYRNE, d.b.a. Byrne Wallpaper
& Paint Store, Appellee.

No. 12902.

United States Court of Appeals
Sixth Circuit.

April 8, 1957.

Albert Ely, Jr., Ely, Pearne & Gordon, Cleveland, Ohio, on the brief, for appellant.

Carl Hoppe, San Francisco, Cal., Townsend & Townsend, San Francisco, Cal., on the brief, for appellee.

Before SIMONS, Chief Judge, ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

The District Court dismissed with prejudice a complaint alleging infringement of Patents Nos. 2,417,384 and 2,-475,529 for fluorescent devices and materials and praying for the usual equitable relief. Two principal questions are presented in this appeal: (1) Are tenants in common of the patents in question indispensable parties to the suit? (2) If the tenants in common are indispensable parties and were not joined in the suit at its inception, does a subsequent assignment purporting to convey all right, title, and interest of the tenants in common to the licensee of the patents cure the defect in parties existing at the time the suit was instituted?

The chronology of the case has importance and will be given somewhat in detail. On February 9, 1953, appellant, licensee of the patents above named, with authority to conduct and control all litigation relating to such patents, instituted the infringement suit herein. Robert C. Switzer and Joseph L. Switzer, hereinafter called the Switzer brothers, original patentees of such patents and holders of the record title, joined as plaintiffs. On January 10, 1951, the patents involved had been held valid and infringed, Switzer Brothers, Inc., v. Centennial Liquor Stores, Inc., 5 Cir., 186 F.2d 414, 416. On February 13, 1953, Patent No. 2,417,384 was held invalid in view of the prior art. Texas-Miller Hat Corporation v. Switzer Brothers, Inc., 5 Cir., 201 F.2d 824, certiorari denied Switzer Brothers, Inc., v. Texas-Miller Hat Corporation, 346 U.S. 821, 74 S.Ct. 36, 98 L.Ed. 347. On October 22, 1953, appellant and the Switzer brothers, co-plaintiffs, entered into a consent decree in a pending antitrust action, United States v. Switzer Brothers, Inc., D.C.N.D.Cal., 115 F.Supp. 49. This consent decree, which related to the two patents involved here, 1952–53 CCH Trade Cases, paragraphs 68,878–9, provided:

"(A) Defendants are jointly and severally ordered and directed to grant to each applicant making written request therefor a non-exclusive, unrestricted, royalty-free license to manufacture, sell and use under United States Letters Patent Nos. 2,417,384; 2,475,529 or 2,450,085.

\* \* \* \* \* \*

"(B) Defendants are jointly and severally enjoined and restrained from instituting or threatening to institute any suit or proceeding against any person to restrain or enjoin, or collect damages for, infringement occurring prior or subsequent to the date of entry of this Final Judgment, of said patents Nos. 2,417,384; 2,475,529 or 2,450,085; provided, however, that nothing herein shall prevent defendants (1) from defending the validity of said patents, or (2) by way of claim (counterclaim) or defense, from asserting claims for past unlicensed, contributory or induced infringement of said patents.

"(C) Except as to cases now on appeal or on certiorari defendants are ordered and directed to dismiss any of their pending actions for infringement of the patents listed in subsection (B) above in which a counterclaim has not been pled, or to dismiss any such pending action in which a counterclaim, if pled, is dismissed. However, in case a counterclaim has been pled and is not dismissed, defendants may, but only to the extent of such counterclaim and

only until the time of such dismissal, assert in such case the validity of said patents and plead by way of claim (counterclaim) or defense past unlicensed, contributory or induced infringement of said patents."

The instant case is not shown to have been on appeal or on certiorari on October 22, 1953, and no counterclaim had been filed therein. On November 5, 1953, presumably in compliance with paragraph (C) above quoted, appellant and the Switzer brothers moved for dismissal of the instant suit and appellee consented to such dismissal on condition that an award for attorneys' fees be granted defendant under 35 U.S.C. § 285. Appellant and the Switzer brothers, after opposing dismissal upon such terms and conditions, withdrew their motion to dismiss the suit.

October 28, 1955, in Switzer v. Commissioner of Internal Revenue, 6 Cir., 226 F.2d 329, this court affirmed a decision of the Tax Court of the United States to the effect that the license agreement executed in favor of appellant by Robert C. Switzer and Patricia Switzer, Joseph L. Switzer and Elise DeGroot Switzer, dated July 30, 1946, and later transactions through 1949, did not constitute an effective assignment for tax purposes of the various patents and applications in which the wives of the Switzer brothers had acquired an interest on or before November 1, 1945. Later, December 16, 1955, the Switzer brothers and their wives quitclaimed to appellant all their right, title, and interest in the patents involved. Appellee then moved to dismiss the complaint for want of indispensable parties plaintiff, namely, Patricia Switzer and Elise DeGroot Switzer. Appellant opposed this motion and moved to drop Robert C. Switzer and Joseph L. Switzer as plaintiffs. The District Court granted the motion to dismiss for lack of indispensable parties plaintiff and from its order this appeal is prosecuted by Switzer Brothers, Inc.

■ We think the decision of the District Court was clearly correct. It is true that in the tax case in this court, Switzer v. Commissioner of Internal Revenue, supra, the issues presented were not identical with those of the instant case and hence the decision is not *res judicata*. General Protestant Orphans' Home v. Ivey, 6 Cir., 240 F.2d 239. However, the record in the tax case shows without dispute the following: that, prior to November 1, 1945, the Switzer brothers gave their wives each an undivided ⅛ interest in the patents involved; that on July 30, 1946, the Switzer brothers and their wives owned as tenants in common the entire right, title, and interest in the patent applications and inventions involved; and that on July 30, 1946, the four Switzers executed a license authorizing appellant to make, use, sell, and grant sublicenses, and to make, use, and sell products, devices, and methods within the scope of the patents, applications, and inventions involved. The Switzer brothers as record title owners of the patents, and appellant as licensee, joined as coplaintiffs in the filing of the instant complaint on February 9, 1953. The reasoning of the tax case under these undisputed facts, that it was not shown that the license agreement of July 30, 1946, was intended to be an assignment, is certainly persuasive. Switzer v. Commissioner, supra, 226 F.2d 330. While it is true that in Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 335, 34 L.Ed. 923, the Supreme Court held that a transfer of the exclusive right under the patent is an assignment, it also declared that any assignment or transfer short of the assignment described in that case "is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement."

Appellant maintains that there is no evidence in the record to the effect that on the date the complaint was filed the wives of the record title owners owned as tenants in common an outstanding undivided ¼ of the entire right, title, and interest in and to the patents in suit. It states that this is a faulty premise and based only upon the record in the

tax case, Switzer v. Commissioner, supra. However the pertinent part of the record in the Tax Court of the United States was introduced herein accompanying the affidavit of appellee in support of motion to dismiss complaint. The facts set forth in the opinion of the Tax Court shown in this appendix to the affidavit are in no way denied.

■ The use of affidavits in support of motions is recognized in the Federal Rules of Civil Procedure, rule 6(d), 28 U.S.C. and the verification of motions by affidavit is the general practice. 37 Am.Jur. 507, Section 14, Papers in Support of Motion, Note 18 and cases cited; State of Texas v. White, 131 U.S.Appendix xcv, 19 L.Ed. 532. Cf. Universal Adjustment Corporation v. Midland Bank, Limited, of London, England, 281 Mass. 303, 184 N.E. 152, 87 A.L.R. 1407, opinion by Chief Justice Rugg.

■■ The license executed July 30, 1946, on its face indicates that it was not intended to be an assignment. It was called "Memorandum of License Agreement" and referred to the Switzer brothers and their wives as "Licensors" and to appellant as "Licensee." This is not determinative. Waterman v. Mackenzie, supra, 138 U.S. 256, 11 S.Ct. 335. A more important consideration is that the agreement provided:

> "The license herein granted is subject to all prior licenses, granted by Continental Lithograph Corporation or the Licensors, which were in full force and effect on July 1, 1946, and Licensee agrees to honor said licenses and to do nothing in any way inconsistent with the provisions thereof."

The agreement thus recognized the existence of prior licenses and provided that they should be superior to that of July 30, 1946. It was thus undisputed that licenses previously granted were in effect at the time of the execution of the agreement of July 30, 1946. We think the transfer of interest in the patents effected by this agreement was a transfer "short", Waterman v. Mackenzie, supra, 138 U.S. 255, 11 S.Ct. 335, of the transfers described in that decision. Moreover, the agreement of July 30, 1946, provided that the license should not be assigned and that it was to terminate with the bankruptcy or liquidation of the licensee. In Oliver v. Rumford Chemical Works, 109 U.S. 75, 83, 3 S.Ct. 61, 65, 27 L.Ed. 862, the lack of "words of assignability" was stressed as bearing on the conclusion that the purported assignment was a mere license. Here also the facts are far short of demonstrating a clear and unmistakable intent on the part of the patent owners to transfer to appellant anything more than a mere license. Switzer v. Commissioner, supra, 226 F.2d 330. As the alleged assignment was ineffective to transfer the title the Switzer brothers and their wives, who were still tenants in common of an interest in the patents, had to be joined as parties, Waterman v. Mackenzie, supra; Van Orden v. Mayor, etc., of Nashville, C.C., 67 F. 331, 332; Rainbow Rubber Company v. Holtite Manufacturing Company, Inc., D.C., 20 F.Supp. 913, 914; Bendix Aviation Corporation v. Kury, D.C., 88 F.Supp. 243, 248. The conceded fact that appellant had the right to conduct and control litigation with reference to the patents is immaterial since it did not own the patents. Crown Die & Tool Company v. Nye Tool & Machine Works, 261 U.S. 24, 45 S.Ct. 254, 67 L.Ed. 516.

The decisions of the Supreme Court in Waterman v. Mackenzie, supra, and Crown Die & Tool Company v. Nye Tool & Machine Works, supra, are controlling. The Waterman case held that the owner of title in the patent at the time of the filing of a bill in equity was the only person entitled to maintain such a bill. In Crown Die & Tool Company v. Nye Tool & Machine Works, supra, the Supreme Court declared that, although plaintiff below had been granted the full right to bring suit on the patent, it could not, as a matter of law, file such an action without joining with it the owner of the patent when the infringements were committed. The opinion points out that

patent property is the creature of statute law and its incidents are equally so and depend upon the construction given the statutes creating it and them, in view of the policy of Congress in their enactment. The court therefore refused to sustain the contention that the claim of an owner of a patent for damages for infringement is merely a chose in action which may be so assigned that the assignee may sue at law, as well as in equity, without joining his assignor.

While it involved a totally different factual situation, Independent Wireless Telegraph Company v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357, does not limit the general rule as to the owner of a patent being an indispensable party in a controversy such as the instant case. It appears in the Independent Wireless Telegraph case that the patent owner was joined as coplaintiff in the original bill. The particular question involved was whether the patent owner could be so joined without his consent, 269 U.S. at page 464, 46 S.Ct. at page 168. Moreover, in its opinion, 269 U.S. at page 468, 46 S.Ct. at page 169, the Supreme Court expressly declared: "The presence of the owner of the patent as a party is indispensable not only to give jurisdiction under the patent laws but also, in most cases, to enable the alleged infringer to respond in one action to all claims of infringement for his act * * *." The decision in Crown Die & Tool Company v. Nye Tool & Machine Works, supra, was distinguished from the Independent Wireless Telegraph case on the facts and was in effect approved, 269 U.S. at page 474, 46 S.Ct. at page 171.

■ The fact that the wives and the patentees divested themselves by quitclaim deed of all title in the patents in 1955 could not give the court jurisdiction over an action commenced in 1953. The right of the plaintiff to recover depended upon its right at the inception of the suit and the nonexistence of a cause of action when the suit was started is a fatal defect which cannot be cured by the accrual of a cause of action pending suit. American Bonding & Trust Company v. Gibson County, 6 Cir., 145 F. 871; Litchfield v. Railroad Company, 7 Wall. 270, 272, 74 U.S. 270, 272, 19 L.Ed. 150. In Minneapolis & St. Louis Railroad Company v. Peoria & Pekin Union Railway Company, 270 U.S. 580, 586, 46 S.Ct. 402, 70 L.Ed. 743, the Supreme Court held that the jurisdiction of the lower court depends upon the state of things existing at the time the suit is brought and that the later facts alleged cannot conceivably affect the result. The same rule applies to co-owners of a patent. Hurd v. Sheffield Steel Corporation, 8 Cir., 181 F.2d 269.

■ Subsequent to the dismissal of the complaint herein with prejudice appellant moved for reconsideration and, in the alternative, for leave to amend by granting appellant leave to add the wives of the Switzers as parties plaintiff. This motion was overruled. Appellant contends that the District Court abused its discretion and committed reversible error in denying the motion, citing Federal Rules of Civil Procedure, rule 15, 28 U.S. C., which requires leave to be freely given to amend if justice so requires. The application to amend was addressed to the sound discretion of the court, General Investment Company v. Lake Shore & Michigan Southern Railway Company, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244, and we think the discretion was not abused.

During the pendency of the instant case, as heretofore set out, an antitrust suit filed against appellant and coplaintiffs in the Southern District of California, United States v. Switzer Brothers, Inc., supra, was settled by the entry of a consent decree against appellant and coplaintiffs. The instant suit, filed February 9, 1953, set up infringement of the patents involved and asked for the usual equitable relief. Under (C) of the consent decree heretofore quoted appellant should have dismissed the case. Such a motion was filed November 5, 1953, but later withdrawn. In view of this record as to the consent decree, we conclude that

the District Court exercised sound discretion in dismissing the complaint with prejudice.

The judgment of the District Court is affirmed.