252 F.2d 407
 SWITZER BROTHERS, Inc., Plaintiff-Appellant,
v.
CHICAGO CARDBOARD CO. et al., Defendants-Appellees,
Harry P. LOCKLIN and Elmer J. Brant, general partners, d/b/a Radiant Color Company, Intervening Defendants-Appellees and Counter-Plaintiffs,
v.
SWITZER BROTHERS, Inc., Robert C. Switzer and Joseph L. Switzer, Counter-Defendants.
 No. 12030.
 United States Court of Appeals Seventh Circuit.
 February 11, 1958.
 
 Albert L. Ely, Jr., Sidney D. L. Jackson, Jr., Cleveland, Ohio, M. Hudson Rathburn, Waino M. Kolehmainen, Chicago, Ill., for appellant.
 W. J. Marshall, Jr., Chicago, Ill., Carl Hoppe, San Francisco, Cal., Townsend and Townsend, San Francisco, Cal., and Haight, Lockwood & Simmons, Chicago, Ill., of counsel, for defendants-appellees.
 Before MAJOR, FINNEGAN and HASTINGS, Circuit Judges.
 MAJOR, Circuit Judge.
 
 
 1
 On June 5, 1952, Switzer Brothers, Inc. (sometimes referred to as the corporation), appellant herein, as exclusive licensee, together with Robert C. Switzer and Joseph L. Switzer (sometimes referred to as Switzer brothers), as record title owners of U. S. Letters Patents Nos. 2,417,384 and 2,475,529, filed a complaint in the United States District Court for the Northern District of Illinois against Chicago Cardboard Co., et al., praying that defendants and their privies be enjoined from infringing said patents, for an accounting for general damages and other relief. Both the corporation and the individual plaintiffs were residents of Ohio. Most of the named defendants were residents or doing business in the jurisdiction in which the suit was filed. The defense of the suit was assumed by Harry P. Locklin and Elmer J. Brant of California, partners doing business as Radiant Color Company of Oakland, California (sometimes referred to as intervenors or Radiant). On January 7, 1953, Radiant was granted leave to intervene and to file an answer but was denied leave to file a counterclaim which charged plaintiff with violating the anti-trust laws.
 
 
 2
 From this order of denial Radiant appealed to this Court, which reversed the District Court and directed that Radiant be permitted to file its counterclaim. Switzer Bros. v. Locklin, 7 Cir., 207 F. 2d 483, certiorari denied 347 U.S. 912, 74 S.Ct. 477, 98 L.Ed. 1069. The counterclaim was filed February 9, 1953. On February 26, 1954, plaintiff filed a counterclaim against Radiant, paragraph 18 of which charged Radiant with infringing the same patents as those involved in the original action. On April 18, 1956, defendants, including Radiant, filed a motion to dismiss the complaint and paragraph 18 of plaintiff's counterclaim, for want of indispensable parties as plaintiffs, namely, Patricia Switzer, the wife of Robert C. Switzer, and Elise G. Switzer, the wife of Joseph L. Switzer (sometimes referred to as the Switzer wives). On August 2, 1956, the Court allowed this motion. On August 13, 1956, the corporate plaintiff filed a motion to amend judgment and plaintiff's counterclaim. On January 25, 1957, the Court denied this motion.
 
 
 3
 The appeal is from the Court's order of August 2, 1956, dismissing the complaint and paragraph 18 of plaintiff's counterclaim, and from the order of January 25, 1957, denying plaintiff's motion to amend judgment and its counterclaim. By stipulation, the District Court entered an order under Rule 54(b), Fed.Rules Civ. Proc. 28 U.S.C.A., making the order of January 25, 1957 nunc pro tunc, a final judgment as to the complaint and paragraph 18 of the counterclaim, with an express determination that there was no just reason for delay and an express direction for entry of judgment.
 
 
 4
 The contested issues as stated in plaintiff's brief are:
 
 
 5
 "The first issue is whether or not the Court below, by finding in essence that it had no initial jurisdiction to entertain the patent infringement issues which commenced the suit, did not thereby disclaim jurisdiction to entertain the balance of the issues in suit, namely, intervenors' later-filed anti-trust suit against the Switzers and plaintiff's counterclaims against the intervenors compelled by such counter-suit.
 
 
 6
 "The second issue is:
 
 
 7
 "(a) Whether or not the District Court erred in concluding that the Switzer wives still held an interest in the patents in suit when this action commenced in 1952.
 
 
 8
 "(b) Whether or not, and irrespective of any vestigial interest the Switzer wives may have held to qualify themselves as proper parties, plaintiff had a sufficient ownership to commence the patent infringement action.
 
 
 9
 "(c) Whether or not the Court below abused its discretion in denying leave to add the Switzer wives and reinstate the brothers Switzer in order to avert any latent defects in jurisdiction over the entire controversy."
 
 
 10
 Defendants agree to the issue thus stated but assert two additional contested issues: (1) that the second issue stated by plaintiff should be decided adversely to it because of a decision of the Court of Appeals for the Sixth Circuit which is res judicata, and (2) that in any event the dismissal of the complaint and paragraph 18 of plaintiff's counterclaim was proper for a lack of equity, that is, that the patents are as a matter of law invalid over the prior art.
 
 
 11
 Plaintiff's argument in support of its first contested issue is that the Court by reason of its dismissal for want of indispensable parties as plaintiffs lost jurisdiction of the entire proceedings, and should have dismissed Radiant's as well as plaintiff's counterclaims. That plaintiff is primarily interested in achieving such a result is evidenced by the statement in its brief, "Thus, if the interlocutory order below — that the patent infringement complaint which started the litigation was never properly before the Court — also requires that the balance of the controversy be dismissed with the complaint, appellant has no interest in disturbing that order." This argument presupposes, of course, contrary to plaintiff's contention under its second issue, that the Switzer wives were part owners of the patents, were therefore indispensable parties and that the Court correctly ruled that it was without jurisdiction in their absence to entertain the action.
 
 
 12
 The position of Radiant is that the Court by reason of the dismissal order did not lose jurisdiction of its counterclaim which stated a separate cause of action based upon the anti-trust laws, independent of the subject matter of the complaint for patent infringement. Radiant argues that the jurisdiction under discussion relates to venue, which the corporation and Switzer brothers (original plaintiffs) waived by commencing the infringement action, by failure to raise any objection to improper venue in their reply to the counterclaim and by filing their own counterclaim against Radiant.
 
 
 13
 Plaintiff, in support of this phase of its case, cites Kelleam v. Maryland Casualty Co., 312 U.S. 377, 382, 61 S.Ct. 595, 85 L.Ed. 899; Pioche Mines Consol., Inc. v. Fidelity-Philadelphia Trust Co., 9 Cir., 206 F.2d 336, 337; Isenberg v. Biddle, 75 U.S.App.D.C. 100, 125 F.2d 741, 743, and Page v. Wright, 7 Cir., 116 F.2d 449, 452. In Isenberg, the Court made the following pertinent comment as to the holding in Kelleam (125 F.2d at page 743):
 
 
 14
 "In the last named case, Justice Douglas, speaking to the facts in that case, said that once the bill of complaint was dismissed no jurisdiction remained for any grant of relief under the cross petition. But in that case there was no jurisdictional basis for the counterclaim independent of the main action."
 
 
 15
 In fact, in Isenberg the Court denied a contention similar to that advanced here and retained jurisdiction to proceed with the cross-complaint even though it had dismissed the original complaint for lack of jurisdiction. In so doing the Court stated (125 F.2d at page 743):
 
 
 16
 "Here there is such independent basis, and the rule is that in such circumstances, when the counterclaim seeks affirmative relief, it is sustainable without regard to what happens to the original complaint. [Citing cases.]"
 
 
 17
 More than that, the Court held that the plaintiff by commencing his action submitted himself to the Court's jurisdiction.
 
 
 18
 In Page, the dispute was over the Court's jurisdiction of the subject matter. Relative thereto, this Court quoted with approval from Goldstone v. Payne, 2 Cir., 94 F.2d 855, as follows (116 F.2d at page 452):
 
 
 19
 "`But, where the court lacks jurisdiction over the subject matter of a case, the defect is not cured by getting personal jurisdiction of the defendant. Such a want of jurisdiction cannot be waived by pleading or any other form of consent — not even by going to trial. * * *'"
 
 
 20
 It is true that in the Pioche case the Court held that dismissal of a complaint for want of jurisdiction also requires dismissal of a compulsory counterclaim. However, the Court at the same time stated (206 F.2d at page 336):
 
 
 21
 "The counterclaim persists where it is supported by an independent ground of federal jurisdiction * * *."
 
 
 22
 It appears to be settled that where a counterclaim states a cause of action seeking affirmative relief independent of that stated in the complaint, the dismissal of the complaint does not preclude a trial and determination of the issues presented by the counterclaim. Lion Mfg. Corp. v. Chicago Flexible Shaft Co., 7 Cir., 106 F.2d 930, 933; Haberman v. Equitable Life Assurance Society of the United States, 5 Cir., 224 F.2d 401, 409.
 
 
 23
 It is our conclusion that plaintiff's contention is not sound. It is true, of course, that a Court in an action for patent infringement is without jurisdiction to proceed in the matter in the absence of indispensable parties, which includes all of the owners of the patent. Independent Wireless Telegraph Co. v. Radio Corp. of America, 269 U.S. 459, 468, 46 S.Ct. 166, 70 L.Ed. 357. Thus, the Court was justified in dismissing the complaint and paragraph 18 of plaintiff's counterclaim for the lack of indispensable parties as plaintiffs. It does not follow, however, that the Court at the same time lost jurisdiction to entertain the counterclaims. It is not open to question but that the Court under Title 28 U.S.C.A. § 1338 acquired jurisdiction of the subject matter of the original action. The Court also acquired jurisdiction of the subject matter of Radiant's counterclaim by reason of Title 15 U.S. C.A. § 15, which provides that suit may be brought for a violation of the antitrust laws "in any district court of the United States in the district in which the defendant resides or is found."
 
 
 24
 At the time Radiant filed its counterclaim, the plaintiff corporation and Switzer brothers were in Court by their own voluntary action. They were thus "found" in the district. The word "found" as contained in Sec. 15 does not mean merely the physical presence of a defendant but permits a plaintiff to sue a defendant "wherever he could [can] catch him." Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 454, 63 S.Ct. 1146, 1149, 87 L.Ed. 1509. The fact that the Switzer wives were indispensable parties to the original action does not negate the further fact that the corporation and Switzer brothers voluntarily submitted themselves to the Court's jurisdiction. In other words, the acquirement by the Court of jurisdiction over those who voluntarily submitted themselves was not dependent upon also acquiring jurisdiction over absent indispensable parties. Moreover, the plaintiff corporation effectively waived any issue of venue by answering Radiant's counterclaim and by filing its own counterclaim against Radiant. It not only waived venue but again submitted itself to the jurisdiction of the Court as a defendant to the counterclaim. Plaintiff professes to discern great significance in the fact that all the parties here interested, that is, the plaintiffs to the original action and Radiant, were non-residents. In our view, this fact is of no consequence. At any rate, we discern no reason why a nonresident cannot waive venue and submit to the jurisdiction of the Court as effectively as a resident. See Central Trust Co. v. McGeorge, 151 U.S. 129, 135, 14 S.Ct. 286, 38 L.Ed. 98.
 
 
 25
 We now come to plaintiff's second contested issue which in reality involves a multiplicity of issues (heretofore set forth). All issues thus presented have been decided adversely to plaintiff by the Sixth Circuit Court of Appeals in Switzer Bros., Inc. v. Byrne, 242 F.2d 909. Radiant contends that the judgment of the Sixth Circuit is res judicata. Inasmuch as we agree with this contention, a brief statement will suffice.
 
 
 26
 On February 9, 1953, the same plaintiffs commenced a suit against James P. Byrne, d/b/a Byrne Wallpaper & Paint Store, in the District Court for the Northern District of Ohio, Eastern Division, praying for the same relief with reference to the same patents as in the instant action. In a proceeding before the Tax Court of the United States, reviewed by the Court of Appeals for the Sixth Circuit, Switzer v. C. I. R., 226 F.2d 329, it was disclosed that the Switzer wives were part owners of the patents in suit. On January 30, 1956, the defendant in the Ohio suit moved for dismissal for want of indispensable parties-plaintiffs. On April 6, 1956, the District Court allowed this motion, with prejudice. On April 19, 1956, plaintiffs filed a motion for reconsideration and alternatively for leave to amend. This motion was overruled on June 1, 1956. Switzer Brothers, Inc., v. Byrne, D.C., 139 F.Supp. 788. On April 8, 1957, the decision of the Ohio District Court was affirmed by the Court of Appeals. Switzer Brothers, Inc., v. Byrne, 242 F.2d 909.
 
 
 27
 We see no reason to burden this opinion with an analysis or discussion of the decision of the Ohio Court, a reading of which undeniably discloses that each and every issue raised here was considered and decided adversely to plaintiffs. Plaintiff seeks to escape the binding effect of the Ohio decision on the basis of a lack of identity of parties. It is true, of course, that the defendant in the Ohio action and those in the instant action were different and that res judicata would be inapplicable in the absence of the existence of privity between the instant controversy and the Ohio litigation. A study of the pleadings and other documentary proof clearly reveals the existence of privity. Radiant was the manufacturer of the products charged to infringe in both the Chicago and the Ohio suits. Radiant furnished the defendants in both actions with indemnity contracts. Radiant retained the same counsel to defend the alleged infringers and such counsel were of record and directed and controlled the litigation in both cases. The record plainly shows, notwithstanding plaintiff's insistence to the contrary, that it had knowledge of Radiant's position and activities relative to the Ohio litigation. Res judicata is, therefore, applicable. See Souffront v. La Compagnie Des Sucreries de Porto Rico, 217 U.S. 475, 486, 30 S.Ct. 608, 54 L.Ed. 846; Doherty Research Co. v. Universal Oil Products Co., 7 Cir., 107 F.2d 548, 549-550; Gellman v. L. Karp & Sons, Inc., 7 Cir., 109 F.2d 391, 392.
 
 
 28
 Furthermore, even though we assume, contrary to what we hold, that res judicata is not applicable, we agree with the reasoning employed and the result reached by the Sixth Circuit. Even on this assumed basis, we would affirm the orders under attack. In any event, the order of January 25, 1957, which denied leave to amend the complaint by the addition of absent parties which had been found to be indispensable was a matter within the discretion of the District Court. In the exercise of such discretion, the Court stated, "* * * it is the opinion of this Court that in the light of the history of this litigation, plaintiff has failed to show justification for recreating this action at the present time with new parties." Certainly there is no basis for holding that the refusal to amend in the manner stated constituted an abuse of discretion.
 
 
 29
 Radiant, as heretofore noted, seeks an affirmance of the interlocutory orders under attack upon the ground that the patents in suit are invalid as a matter of law over the prior art. In view of the fact that such issue was not decided in the Court below, it is argued by plaintiff that this Court is without authority to decide the issue on review. Obviously, there is no occasion to resolve such controversy because we are affirming the orders on other grounds. However, in support of this issue, Radiant has devoted much of its brief and, in addition, has filed an appendix consisting of 124 pages. In view of this situation, Radiant, so we think, should bear a portion of the costs on this appeal. Such costs, therefore, will be taxed one-half to plaintiff and one-half to Radiant.
 
 The orders appealed from are
 
 30
 Affirmed.