**HOCKERSON–HALBERSTADT, INC.**

v.

**NIKE, INC., Reebok International, Ltd., Hyde Athletic Industries, Inc., L.A. Gear, Inc., Brooks Shoes, Inc., Kinney Shoe Corporation.**

**Civ. A. No. 91–1720.**

United States District Court,
E.D. Louisiana,
New Orleans Division.

Oct. 29, 1991.

**50**

James E. Uschold, Oestreicher & Hackett, Morris Samuel Borenstein, Morris S. Borenstein, New Orleans, La., for plaintiff.

Gerald Edward Meunier, Gainsburgh, Benjamin, Fallon, David & Ates, New Orleans, La., Rodger L. Tate, Banner, Birch, McKie & Beckett, Washington, D.C., Charles C. Garvey, Jr., Gregory Carlyle Smith, Seth Martin Nehrbass, Pravel, Gambrell, Hewitt, Kimball & Krieger, New Orleans, La., David K.S. Cornwell, Tracy–Gene Graveline Durkin, Sterne, Kessler & Goldstein, Washington, D.C., Jack M. Weiss, Mark Benjamin Holton, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., David Wolf, Wolf, Greenfield & Sacks, P.C., Boston, Mass., James Forrest Hinton, Jr., Lawrence B. Mandala, Lynette Wylie, McGlinchey, Stafford, Mintz, Cellini & Lang, P.C., New Orleans, La., Philip Anthony Franco, Lindsey M. Bailleux, Adams & Reese, New Orleans, La., Richard C. Cooper, Terence J. Linn, Price, Heneveld, Cooper, DeWitt & Litton, Grand Rapids, Mich., Stephen R. Doody, Sessions, Fishman, Boisfontaine, Nathan, Winn, Butler & Barkley, New Orleans, La., for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court are two Motions to Dismiss Pursuant to Rules 12(b)(6) and 12(b)(7), Fed.R.Civ.P., filed by the defendants, L.A. Gear, Inc. ("L.A. Gear") and Hyde Athletic Industries, Inc. ("Hyde"). After reviewing the motions, memoranda of counsel, the record, and the law, the Court denies both motions.

Hyde's original motion incorporates the motion and memoranda filed by L.A. Gear; accordingly, the Court shall analyze these motions to dismiss together. The defendants raise several challenges to the plaintiff's standing to bring this suit.

The defendants allege that at the time this suit was filed, the plaintiff, Hockerson–Halbertstadt, Inc. ("HHI"), did not have legal title to the patents-in-suit; in addition, the defendants allege specifically that HHI had not been assigned the right to sue for past infringements. The defendants allege that these deficiencies require HHI's claims to be dismissed.

## FACTS

On February 18, 1991, Stan Hockerson and John Halberstadt (the inventors and original owners of the patents-in-suit) executed a Joint Venture Contract which provides that:

> Both Hockerson and Halberstadt do hereby assign all their rights, title and interest in the aforesaid patents to a corporation whose name is to be Hockerson–Halberstadt, Inc.

(Memorandum in Support of Motion to Dismiss of Defendant L.A., Gear, Inc. Pursuant to Rules 12(b)(6) and 12(b)(7), Fed. R.Civ.P., Exhibit A).

On May 3, 1991, Hockerson executed the Articles of Incorporation of Hockerson–Halberstadt, Inc. ("HHI"); on the same day, Hockerson authorized that this suit be filed on behalf of HHI. The Articles of Incorporation were mailed to the Secretary of State's office; on May 9, 1991, the Secretary of State returned the articles and requested that an Initial Report Form and the addresses of the officers be filed along with the articles of incorporation. (Plaintiff's Memorandum in Opposition to Motions to Dismiss of Defendants L.A. Gear and Hyde Athletic Industries, Exhibit C). After the appropriate documents were re-

submitted, a Certificate of Incorporation was issued on May 24, 1991 stating that corporate existence began on May 24, 1991. (Plaintiff's Memorandum in Opposition to Motions to Dismiss of Defendants L.A. Gear and Hyde Athletic Industries, Exhibit D).

After this motion was filed, the Joint Venture Contract was amended to specifically convey to HHI the right to sue for past infringements. The plaintiff moved for leave to file an amended petition based upon this addendum to the Joint Venture Contract. The Magistrate Judge conditionally granted such leave, contingent upon a ruling from this court on this motion that any defects in plaintiff's original complaint could be remedied by amendment. (*See* Order, September 25, 1991, M.J. Wynne).

## ANALYSIS

■ Defendants, L.A. Gear and Hyde allege that HHI cannot be the assignee of the patents pursuant to the Joint Venture Contract because HHI did not exist until about three months after the Joint Venture Contract was executed. This court must address the preliminary question of whether state law or federal patent law determines HHI's capacity to accept the assignment pursuant to the Joint Venture Contract.

Defendant Hyde points to 35 U.S.C. § 261 as requiring that assignments of patents be made in writing. 35 U.S.C. § 261 provides in part:

> Subject to the provisions of this title, patents shall have the attributes of personal property.
>
> Applications for patents, patents, and any interest therein, shall be assignable in law by an instrument in writing.

This, however, states only a general guideline for assignments of patents; § 261 does not specify whether state or federal law governs the interpretation of contracts of assignment.

The defendants also rely on *Crown Die & Tool Co. v. Nye Tool & Machine Works,*

261 U.S. 24, 43 S.Ct. 254, 67 L.Ed. 516 (1923), where the Court stated that "the validity of the assignment of a patent, [is] a question arising under the patent laws because it depends upon their construction." *Id.* at 33, 43 S.Ct. at 255. While it is true that federal patent law governs whether a conveyance is an assignment or a license,[1] it does not necessarily follow that federal law provides the rules for determining whether there is a valid conveyance at all.

*Beghin–Say Int'l, Inc. v. Ole–Brendt Rasmussen,* 733 F.2d 1568 (Fed.Cir.1984) was an action based on a contract to transfer a pending patent application. There the court, in finding that federal jurisdiction was not implicated, noted that "[n]o Act of Congress relating to patents within the meaning of 28 U.S.C. § 1338(a) spells out criteria for determining what does or does not constitute a conveyance by contract." *Id.* at 1571. Similarly, in *Afros S.P.A. v. Krauss–Maffei Corp.,* 671 F.Supp. 1402, 1442 (D.Del.1987), the court noted that the law of the situs of the assignment controls the question of the validity of the assignment. Thus, the law of Louisiana should govern whether there was a valid contractual conveyance of rights under the patent to HHI.

*Assignment Valid Under Louisiana Law*

■ Under Louisiana law, HHI could have been a valid assignee of the patent. HHI maintains that it is the third party beneficiary of the Joint Venture Contract between Hockerson and Halberstadt.

Article 1978 of the Louisiana Civil Code provides:

> A contracting party may stipulate a benefit for a third person called a third party beneficiary.
>
> Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement.

La.Civ.Code Art. 1978. To be a valid third party beneficiary under Louisiana law, the

---

1. Although the defendants allege that the purported transfer did not include the right to sue for past infringements, the defendants have not asserted that the transfer, if valid, was anything other than assignment (e.g. a license).

third party benefit must form "the condition or consideration" of the contract. *New Orleans Public Service v. United Gas Pipe Line*, 732 F.2d 452, 467 (5th Cir.1984). The Joint Venture Contract clearly evinces the intent of the contract to benefit HHI.

The fact that HHI was not yet a corporation at the time the Joint Venture Contract was entered does not affect its ability to be a valid third party beneficiary. For example, "a promoter may stipulate for the benefit of his intended corporation. The third-party beneficiary need not exist at the time of a contract in his favor by others." *Speedee Oil Change No. 2, Inc. v. National Union Fire Insur. Co.*, 444 So.2d 1304, 1307 (La.App. 4th Cir.1984).

■ HHI has also demonstrated its intention to accept the benefits conferred to HHI pursuant to the Joint Venture Agreement. The comments to Article 1978 state: "Under this Article, the beneficiary's intention to accept the benefit may be made known in any manner, even implied. The filing of suit is a sufficient expression of such an intention." This court finds that the Joint Venture Contract and the petition instituting this lawsuit are sufficient written evidence of the assignment to HHI.

*Capacity to Sue Under Louisiana Law*

■ The court finds no evidence that Louisiana has abandoned the *de facto* corporation concept. *See Audubon Park Commission v. Bd. of Commissioners*, 153 So.2d 574 (La.App. 4th Cir.1963); Comment, *De Facto Incorporation and Estoppel to Deny Corporate Existence in Louisiana*, 37 La.L.Rev. 1121 (1977). Thus, whether or not HHI was validly incorporated on the day suit was filed, HHI, at a minimum, had capacity to sue as a *de facto* corporation.

Even if HHI is a valid assignee with capacity to file suit according to Louisiana law, the court must determine whether the interest conveyed to HHI was sufficient to confer upon HHI standing to sue for patent infringements under federal patent law.

*The Right to Sue for Past Infringements*

■ "With a single exception the plaintiff in an action at law must be the person or persons in whom the legal title to the patent resided at the time of the infringement.... The exception above referenced to arises where an assignment of a patent is coupled with an assignment of a right of action for past infringements." *Crown Die*, 261 U.S. at 40–41, 43 S.Ct. at 258 (quoting ROBINSON ON PATENTS, VOL. 3, § 937). The defendants allege that HHI's rights under the assignment, if any, do not include the right to sue for past infringement. Since this motion was brought, the Joint Venture Contract has been amended to specifically convey the right to sue for past infringements as well, and the plaintiff moved has been granted conditional leave to file an amended petition. This raises two issues: (1) whether HHI had standing to sue for past infringements at the time this action was filed, and (2) whether the subsequent amendment can remedy any lack of standing which may have existed at the time suit was filed.

"A mere assignment of a patent which does not also expressly assign the right to recover damages or profits arising from infringement of such patent occurring before such assignment, does not transfer to the assignee the right to recover such damages and profits." *John L. Rie, Inc. v. Shelly Bros., Inc.*, 366 F.Supp. 84 (E.D.Pa. 1973); *Herman v. Detroit Shipbuilding Co.*, 295 F. 423 (E.D.Mich.1924). The Joint Venture Contract does not contain language which specifically conveys to HHI the right to sue for past infringements. HHI alleges, however, that the parties intended to convey this right and that their intent, and not their failure to use certain "magic words," should be controlling. This court does not agree. The long standing rule in federal patent cases is that the parties must specifically state their intent; i.e., they must use the magic words. *See Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1579 n. 7 (Fed.Cir.1991) (and authorities cited therein); *John L. Rie*, 366 F.Supp. 84.

## Joinder of the Necessary Party

■ The next question then becomes, can HHI remedy this defect after the fact. If Hockerson and Halberstadt had originally been joined in the suit as the owners of the patent at the time of the infringement, then HHI could have been substituted after the Joint Venture Contract was amended, and Hockerson and Halberstadt could then have been dismissed. *See Procter & Gamble Co. v. Kimberly–Clark Corp.*, 684 F.Supp. 1403, 1406–07 (N.D.Tex.1987). However, the court still must determine whether the failure to join the persons who had the right to sue for past infringements at the time the suit was filed is an irremediable defect.

Few cases directly address this issue, and many cases which involve similar issues dispose of them with little analysis. In *Dentsply Int'l, Inc. v. Centrix, Inc.*, 553 F.Supp. 289 (D.Del.1982), the court noted the following:

> The court, in many instances then has to determine whether the patent-holder is a necessary party to the suit. Prior case law has elucidated two extremes applicable to this problem. Where the interest transferred is deemed to be a license, the patent-holder is a necessary party, because the patent-holder is still the real party in interest with respect to the validity of the patent. To adjudicate the validity or infringement of the patent in such a case, without the patent-holder would constitute a denial of due process.
>
> In those instances where the interest transferred is deemed to be an assignment, the courts have held that the patent-holder is not a necessary party to this action. Of course, many cases fall within the middle of these two extremes.

*Id.* at 294 (citations omitted). In *Dentsply*, the court found that the patent owner was an indispensable party and transferred the case to a district in which patent owner could be joined. *Id.* at 295.

The cases cited by the defendants, *Afros*, 671 F.Supp. 1402, *Switzer Bros., Inc. v. Byrne*, 242 F.2d 909 (6th Cir.1957), and *Refac Int'l, Ltd. v. Mastercard Int'l*, 758 F.Supp. 152 (S.D.N.Y.1991), are distinguishable. In *Afros*, the court held that "[p]ermitting a presently invalid assignment to serve as the basis of a claim under 35 U.S.C. § 281 on the ground that it later 'became' valid, which ratification transposes itself back in time, will impermissibly expand the class of persons able to sue for infringement." 671 F.Supp. at 1446.[2] In this case, there was a presently valid assignment of all but the right to sue for past infringements. Accordingly, no such impermissible expansion of the class of persons able to sue for infringement will result from this court ruling that HHI has standing to sue for patent infringement.

In *Switzer*, suit was filed by a licensee and two of four patent owners. The remaining two patent owners quitclaimed their interest in the patents some two years after the litigation was instituted. The court held that where the patent owners divested themselves by quitclaim deed of all title in the patents in 1955, in action commenced in 1953, "[t]he right of the plaintiff to recover depended upon its right at the inception of the suit and the nonexistence of a cause of action when the suit was started is a fatal defect which cannot be cured by the accrual of a cause of action pending suit." 242 F.2d at 913. The primary plaintiff in *Switzer* was a *licensee*, not an assignee, and had no rights under patent law unless the patent owners were joined.

Finally, in *Refac*, the plaintiff was also a non-exclusive licensee who failed to join the patent owner as a party. 758 F.Supp. at 157. The court found that the patent owner was a necessary and indispensable party, and the plaintiff's suit was dismissed. However, the court noted that it would not assert jurisdiction over the patent owner because "the Court is not and should not be an advocate of any party, and cure should

---

**2.** The court in *Afros* also recognized the tenuous nature of its conclusion: "Very few cases have considered the retroactive effect of an assignment on a party's standing to bring an infringement claim and the Court of Appeals for the Federal Circuit has not spoken on this subject. Therefore, the Court will also consider the substantive patent law questions ... in order to resolve all issues presented by the parties." 671 F.Supp. at 1446.

remain with the bar and not the judiciary." *Id.* at 158. Thus, the court in *Refac* did not suggest that failure to join the patent owner is an irremediable defect, but simply required the plaintiff, not the court, to take action to cure the defect. *See also Calgon Corp. v. Nalco Chemical Co.,* 726 F.Supp. 983, 990 (D.Del.1989) (failure to join indispensable party is curable defect).

This case, like *Dentsply,* falls within the middle of the two extremes. The plaintiff in this case was not a mere licensee, but also did not hold the right to sue for past infringements at the time suit was filed. At the time suit was filed, the plaintiff, as assignee, had standing to sue for all but the past infringements; thus, the patent owner was a necessary party for the purpose of pursuing claims for past infringements. The court does not find that dismissal is an appropriate solution in this case; the court finds that the appropriate course in this method is to allow the plaintiff to join the necessary party. The amended complaint asserting HHI's rights pursuant to the addendum to the Joint Venture Contract effectively operates to add the necessary party—the party who now has the right to sue for past infringements.

Accordingly,

IT IS ORDERED that the Motions to Dismiss Pursuant to Rules 12(b)(6) and 12(b)(7), Fed.R.Civ.P., filed by the defendants, L.A. Gear, Inc. and Hyde Athletic Industries, Inc. are DENIED.